## H. B. Tibbetts v. West and South Town Street Railway Company.

1. STREETS OF A CITY—*Controlled by Municipal Authority.*—The streets of a city are controlled by the municipal authorities for the benefit of the public. The municipality may, subject to certain restrictions imposed by the statute, prescribe the manner in which the streets shall be used by the public, and may close or vacate them.

2. SAME—*Rights of Abutting Owners.*—An owner has no right to the perpetual maintenance of a street upon which his property abuts, although he may be entitled to recover damages because of the vacation of the street by the municipal authorities.

3. SAME—*Right of Abutting Owner to an Injunction.*—While an abutting owner is by the statute made one of a favored class, upon whose petition alone the council can permit the laying of railroad tracks in a street, it does not follow that to such owner is given a right to insist that the courts shall interfere and protect the rights of the public in respect to the streets.

4. SAME—*Nature of Abutting Owner's Right.*—The abutting owner's right to use the street is no greater than that of the rest of the public, and unless he sustains from the use to which the street is put by the municipal authorities, a damage special and peculiar to himself, he can not maintain a suit to compel the abandonment of such use. He can not assume to represent the public, and by his individual suit conclude its rights.

5. SAME—*Abutting Owner's Remedy at Law.*—For damage special and peculiar to himself, an abutting property owner has, under the constitution and laws of this State, a remedy at law. The fact that by permission to use the street for a particular public purpose, an abutting owner will be specially damaged, affords no ground for restraining such use, so long as such owner is able to recover and collect the damage he suffers.

**Memorandum.**—Bill for injunction. Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed May 28, 1894.

Tibbetts v. West & South Town St. Ry. Co.

## STATEMENT OF THE CASE.

On September 8, A. D. 1893, H. B. Tibbetts, the appellant, filed his bill of complaint in the Circuit Court of Cook County, Illinois, and alleged therein as follows :

That he is the owner of 100 feet frontage on Lawndale avenue, between 22d street and the Chicago, Burlington & Quincy Railroad. That appellant is also the owner of lots one and two of block four, of Millard & Decker's subdivision, and having a frontage of 125 feet on West 25th street at the corner of Millard avenue.

That the property above described as being on Lawndale avenue is improved by two frame stores, and the rear of said premises is occupied by appellant as a coal yard, the street approach to which is from Lawndale avenue; that the property above described as fronting on 25th street is improved by a two-story frame residence.

That the west and south town street railway company is acting as, and claims to be a corporation, duly authorized under the laws of Illinois, and particularly under an act concerning corporations and the certain amendatory acts thereof, now forming chapter thirty-two, and an act in regard to horse and dummy railways, now forming chapter sixty-six of Revised Statutes of Illinois.

That on February 8, 1892, the city council of Chicago, upon petition of said company, in pursuance of notice published, and upon a pretended petition of the owners of land fronting upon said Lawndale avenue, passed a purported ordinance, "Exhibit A," that in section one of said pretended ordinance, it is provided that authority is granted to construct a single or double track railway upon certain streets of Chicago, including the pretended authority to construct the railway therein described on Lawndale avenue from 22d street past the premises of appellant to 35th street, and being a total distance of a mile and a half.

That said city council passed said ordinance giving such permission to said company, without the lawful petitions therefor of the owners of land representing more than one-half of the frontage of each mile and of the fraction of a

mile, in excess of the whole miles, measured from the initial point named in such petition, of the part of said Lawndale avenue sought to be used for railroad purposes, as required by paragraph ninety of section one, article five, chapter twenty-four, of an act approved April 10, 1872, as amended, Revised Statutes of Illinois, and that, at the time aforesaid, the city council did not have before it, or at any time before said ordinance was passed, the lawful petition of the owners of the land, representing more than, or as much as, one-half of the frontage of each mile of said street or part thereof, as is sought to be used for the purpose of said railroad.

That a petition, purporting to be such a petition of owners of land representing more than one-half of the frontage as aforesaid was presented; that the signature of Thomas Kiley thereto, one of said land owners, appears to be signed by one A. T. Burleston, but without the authority therefor appearing on said petition or therewith; that the same is therefore invalid; that the signature of C. L. Ingram & Bro., by C. L. B., agent, appears on said petition, and that said C. L. Ingram & Bro. is, or purports to be, a corporation, but that no authority for such signature is shown on said petition or therewith; that the same is invalid; that the signature of Augustus Jacobson and Joseph E. Gary appears to be signed by Augustus Jacobson merely, and that no authority is shown on said petition or therewith, authorizing said Jacobson to sign for said Gary; that said petition as to signatures of Gary, C. L. Ingram & Bro. and Kiley are invalid, and not within the contemplation of the statute.

That the aggregate frontage pretended to be signed as aforesaid, is not in contemplation of said statute 992 feet; that if said frontage and the signatures therefor are deducted from the total amount signed to said pretended petition, said petitioners would not be the owners of the land representing more than, or as much as, one-half of the frontage of each mile, and of the fraction of a mile in excess of the whole miles, measuring from the initial point named in such petition, of such street, or of the part thereof sought to be used for railway purposes.

Tibbetts v. West & South Town St. Ry. Co.

That on April 5, 1893, the city council, upon petition of said company, in pursuance of notice and upon the pretended petition of property owners, but without authority or warrant of law, passed another purported ordinance, "Exhibit B;" that section one thereof provides for the construction of a railway upon certain streets of Chicago, and to construct the railway therein described along West 25th street from Lawndale avenue to Rockwell street, a distance of a mile and a half; that said pretended petition purports to be signed by Mrs. N. F. McCormick, by Cyrus H. McCormick, attorney, for 600 feet of frontage, but without the authority therefor appearing on or with said petition; that the same is therefore invalid within the contemplation of the statute; and deducting said 600 feet from the total frontage pretended to be signed to said petition, said ordinance was not passed upon the petition of the owners of the land, representing more than one-half of each mile and of the fraction of a mile, in excess of the whole miles, measured from the initial point named in such petition, of the part of said street sought to be used for railway purposes.

That defendant, without any authority than as aforesaid, has already constructed exceeding six miles of the system of railways described, and is now operating the same with a line of horse cars, and has constructed its tracks in front of appellant's premises, fronting on 25th street; and that appellee has contracted, or is about to contract for equipment to change its motive power from horse-cars to electricity, including the erection of trolley poles and wires in front of appellant's lots, above described; and, unless restrained, will continue and construct and operate the same over the entire territory covered by said pretended ordinances, and will thereby inflict upon appellant great and irreparable injury.

That each of the said parcels of real estate of appellant will be specially, greatly and irreparably damaged by the construction and operation of said railway in front thereof and on and along the streets, respectively, on which the same abut; that said real estate will be thereby greatly

depreciated in value, and its access to, and use of said streets, cut off or greatly damaged.

Appellant prays that appellee, its agent, officers, superintendents and employes, and any and all contractors or persons acting under its authority, may be restrained from further proceeding to construct, and from maintaining and operating a line of single or double track street railway upon, over and along said Lawndale avenue, between said 22d street and said 35th street, and on, over or along said West 25th street, between Lawndale avenue and Rockwell street, and from completing or laying in said streets, or any part thereof, any single or double track, switch, turnouts, trolley wires, poles or appurtenances for an electric street railway.

On September 29, 1893, appellee filed a general and special demurrer to appellant's bill of complaint, and for special cause of demurrer, showed:

1.   That injunction is not a proper and lawful remedy; but that the remedy for such supposed wrongs and grievances is by the proper action at the common law.

2.   That if all the matters and things alleged were true, appellant might have adequate remedy at the common law.

3.   That the pretended right to file the bill herein, according to the frame of said bill, rests largely upon supposed special damages. Whereas, if the claim made by appellant was true, the remedy would be, not by bill in equity, but either at the common law or under the statute of eminent domain.

4.   That the bill asserts the usurpation and unlawful exercise of a franchise, and that the remedy therefor should be an information in the nature of a *quo warranto*, and not by a bill in equity.

5.   That the matter on which judgment is sought is of a political nature and is vested in the jurisdiction of the political authorities of Chicago, and this court has no jurisdiction to set aside the action of said authorities until said action is impeached in an action at law.

6.   That appellant has no interest in said railway's construction or non-construction, except as the same relates to

premises which he claims to own; that his right to object to the construction of said railway is limited by law to the particular mile of said railway in which said premises are located.

7. That appellant has waived his pretended cause of action.

8. That appellant is estopped from asserting his pretended cause of action to enjoin.

9. That appellant has been guilty of such *laches* in bringing said bill as to deprive him of the aid of equity.

10. That said bill is otherwise insufficient and uncertain.

The Circuit Court sustained the demurrer and dismissed appellant's bill for want of equity. To reverse that judgment, appellant brings the record to this court, and urges a reversal on the ground that the court erred in sustaining the demurrer and in dismissing the bill.

Roy O. West, attorney for appellant.

Appellee's Brief, Peck, Miller & Starr, Attorneys.

The private citizen or property owner has no standing to enforce public right, or redress public wrongs or nuisances, as such, except in case he suffers special damages or injury; and then his cause of action is based thereon. He must aver and prove such special damage; and this is the gist of his right of action. The public authorities can alone enforce mere public rights, or redress mere public wrongs or injuries. Sparhawk v. Union P. R. Co., 54 Pa. St. 401; Patterson v. C., D. & V. R. R., 75 Ill. 588; 1 Spelling, Extra Relief, Sec. 382.

If the property owner does sustain such damage to his property right, by reason of a violation of public right or of a public nuisance or wrong, as to give any right of action at all, then it is thoroughly well settled, in this State, that he can recover his damages at law. Rigney v. Chicago, 102 Ill. 64; C. & E. I. R. R. v. Ayres, 106 Ill. 511; C. & E. I. R. R. v. Loeb, 118 Ill. 203; Stetson v. C. & E. I. R. R., 75 Ill. 74; Patterson v. C., D. & V. R. R., 75 Ill. 588; Peoria, etc., v. Schertz, 84 Ill. 135; Penn. M. L. I. Co. v. Heiss, 141 Ill. 35

His rights so far as the street is concerned, are the appur-tenant rights of access, light, air, etc. It can be nothing other than such appurtenant rights in respect of which appellant can, by any possibility, sustain damage by this railroad. Could he find in his action at law an ample remedy for such injuries? Is that remedy adequate and complete? It has long been settled law in this State that it is. Stetson v. C. & E. I. R. R., 75 Ill. 74; Patterson v. C., D. & V. R. R., 75 Ill. 588; Peoria, etc., R. R. v. Schertz, 84 Ill. 135; C. & E. I. R. R. v. Loeb, 118 Ill. 203; C. & E. I. R. R. v. Ayers, 106 Ill. 511; Pittsb. & Ft. W. R. R. v. Reich, 101 Ill. 157, 176; C. & E. I. R. R. v. McAuley, 121 Ill. 160; Penn. M. L. I. Co. v. Heiss, 141 Ill. 35, 58, 59.

The bill in this case is a mere injunction bill to enjoin the carrying out of a great public work. In the case of public works of magnitude, and involving large expense, like railways, a court of equity is much more reluctant to interfere by injunction than in other cases. High, Inj., Sec. 598; Torrey v. C. & A. Ry., 3 C. E. Green 393; Greenhalgh v. M. & V. Ry. Co., 3 Myl. & C. 784; Hackensack Com. v. N. J. M. Ry., 7 C. E. Green, 94; Booraem v. N. H. C. Ry., 40 N. J. Eq. 557.

The bill shows that appellant's property is on the route of the road; there is nothing alleged showing that it is in any way differently affected from every other lot on the different streets along the road. This is not enough. In order to maintain a bill to enjoin the construction of a work of public character, he must show some special injury to his property, which is peculiar thereto. And he must set forth the facts showing or constituting such injury. Osborne v. Brooklyn R. R., 5 Blatchf. 356; Coast L. R. R. v. Cohen, 50 Ga. 444–461; Garnett v. Jacksonville, etc., Ry., 20 Fla. 889, 901, 902; Wood, Nuisances, Sec. 75; Dunning v. Aurora, 40 Ill. 481; People v. North Chi. Ry., 88 Ill. 544; Patterson v. C., D. & V. R. R., 75 Ill. 588; Stetson v. Chi. & E. R. R., 75 Ill. 75; Peoria, etc., Ry. v. Schertz, 84 Ill. 135; Truesdale v. Peoria, etc., Co., 101 Ill. 561; Mills v. Parlin, 106 Ill. 60; Chicago v. Un. Bldg. Assn., 102 Ill. 379.

Mr. Justice Waterman delivered the opinion of the Court.

At the time the ordinances permitting the construction of appellee's railway were enacted, there was in existence the following statute:

" The city council or board of trustees shall have no power to grant the use of, or the right to lay down, any railroad tracks in any street of the city, to any steam or horse railroad company, except upon a petition of the owners of the land representing more than one-half of the frontage of the street, or so much thereof as is sought to be used for railroad purposes."

The question here presented is not as to the necessity for such a petition as is prescribed by the statute, but the council having acted upon what purported to be such a petition, and appellee having proceeded under the ordinances, thus obtained, to construct its railway, will a court of equity enjoin the operation of the railway, at the instance of a property holder whose property will be damaged by such operation.

It is manifest that to the city council itself is presented the determination of whether a petition authorizing it to grant the use of a street has been presented. The decision of such question may require the making of surveys, the hearing of evidence, and the examination of titles.

The favored property owners, it would seem, should, if they desire, be heard, in order that the council may come to a correct decision as to this matter; and when it has in good faith determined this matter, there is reason for holding its conclusion to be *quasi* judicial. Black on Judgments, Sec. 532; Bissell v. City of Jeffersonville, 24 How. 287.

Appellant in his bill does not show that any fraud was practiced in obtaining the judgment of the council that the requisite petition had been presented. His allegation is that the signatures of certain owners were by agents; he does not allege that such signatures were unauthorized. The allegation in effect is that a petition containing the requisite signatures was presented, but that the petition itself did not upon its face show that each signature was authorized.

The streets of a city are controlled by the municipal authorities for the benefit of the public. The municipal authorities may, subject to certain restrictions imposed by the statute, prescribe the manner in which the streets may be used by the public, may close and vacate them. Cairo & Vincennes R. R. Co. v. The People, 92 Ill. 170; Chicago and Union Bldg. Ass'n, 102 Ill. 379; Mayer v. Village of Teutopolis, 131 Ill. 522; Carney v. Marseilles, 136 Ill. 407.

An owner has not even a right to the perpetual maintenance of a street upon which his property abuts; although he may be entitled to recover damages because of the vacation of the street by the municipal authorities. Mayer v. Village of Teutopolis, *supra;* Dillon on Municipal Corporations, Sec. 666.

While an abutting property owner is by the statute made one of a favored class upon whose petition alone can the council permit the laying of railroad tracks in a street, it does not follow that to such owner is given a right to insist that the courts shall interfere and protect the rights of the public in respect to the streets.

The abutting property owner's right to use the street is no greater than that of each and all of the public. He is but one of the millions composing the public, and unless he sustain from the use to which the street is put by the municipal authorities, a damage special and peculiar to himself, he can not maintain a suit to compel the abandonment of such use; he can not assume to represent the public, and by his individual suit conclude its rights. Davis v. Mayer, 2 Duer, 663; Winterbottom v. Lord Derby, Law R. 2 Q. B. 316; Hartshorn v. South Reading, 3 Allen, 501; McDonald v. English, 85 Ill. 232; High on Injunctions, Sec. 762; Pomeroy's Eq. Juris, Sec. 1379; City of East St. Louis v. O'Flinn, 119 Ill. 200; City of Chicago v. Union Bldg. Ass'n, 102 Ill. 379; Patterson v. C. D. & V. Ry. Co., 75 Ill. 588; Vanderpoel et al. v. The West and South Towns Ry. Co., Chicago Legal News, March 24, 1894.

For damage special and peculiar to himself an abutting

property owner has, under the constitution and laws of this State, a remedy at law. The fact that by permission to use the street for a particular public purpose, an abutting property owner will be specially damaged, affords no ground for restraining such use, so long as the property holder is able to recover and collect all the damage he suffers. Vanderpoel v. The West and South Towns Ry. Co., *supra;* Loire v. North Chicago St. Ry. Co., 32 Fed. Rep. 270; People v. Kerr, 27 N. Y. 188; Moses v. Pittsburgh R. R., 21 Ill. 516, 523; Stetson v. C. & E. I. R. R., 75 Ill. 74; Patterson v. C. D. & V. R. R., Id. 588; Peoria, etc., R. R. v. Schertz, 84 Ill. 135; C. & E. I. R. R. v. Loeb, 118 Ill. 203; C. & E. I. R. R. v. Ayers, 106 Ill. 511; Pittsb. & Ft. W. R. R. v. Reich, 101 Ill. 157, 176; C. & E. I. R. R. v. McAuley, 121 Ill. 161; Penn., M. L. I. Co. v. Heiss, 141 Ill. 35, 58, 59.

In the present case it appears that nineteen months elapsed between the presentation to the council of the petition for permission to construct this railway and the filing of the bill in this case; during this period the appellee did a great deal of work and expended large sums of money, the benefit of which appellant now seeks to deprive it of.

One who would avail himself of the remedy afforded by an injunction should be diligent in the assertion of his rights, and not allow the defendant to go on expending large sums of money in that which an injunction will deprive him of the benefit of. High on Injunctions, Secs. 785, 786; Johnson v. Wyatt, 11 W. R. 852; Redfield on Railways, Vol. 2, Chap. 29, Sec. 16.

So far as appears from the bill filed in this case, not only has appellant a remedy at law for the damage, imperfectly stated, he alleges he will sustain, but he has been guilty of such *laches* as precludes his right to an injunction.

The decree of the Circuit Court dismissing the bill is therefore affirmed.

MR. JUSTICE GARY took no part in the consideration or decision of this case.