## North Chicago Street Railroad Company v. Ann Cheetham.

## Same v. Charles Chapin.

## West Chicago Street Railroad Company v. George J. Vandehouten.

1. STREETS—*Fee of, in Cities.*—The fee of all streets in Chicago is in the city in trust for the public, but subject, however, to the provisions of paragraph 90, of Sec. 1, Art. 5, Chap. 24, R. S., entitled, "Cities, Villages and Towns."

2. CITIES AND VILLAGES—*Power to Grant the Use of Streets to Railroad Companies.*—A city is without power to grant the use of a public street for railroad purposes, except upon petition of the owners of lands representing more than one-half of the frontage of the street, or so much thereof as is sought to be used for such purposes as required by Par. 90, Sec. 1, Art. 5, Ch. 24, R. S., entitled "Cities, Villages and Towns."

3. SAME—*Requisites of the Petition.*—The statute (Par. 90, Sec. 1, Art. 5, Ch. 24, R. S.) does not require that a petition to the city council to grant the use of, or the right to lay down a railroad track in a street shall be signed by the owners themselves; it is sufficient if it be signed by the agents of such owners, without the authority of such agents appearing on the face of the petition. In the absence of information that the names of such owners were signed without authority, and no fraud being alleged, a petition so signed is sufficient to set in motion the reserved power of the council.

4. PLEADING—*Statement of Conclusions.*—An averment in a bill for an injunction that a city ordinance granting the use of a public street to a railroad company is void for the reason that it was passed without ten days' previous notice having been given as required by law, and for the reason that it was passed without a proper petition asking for its passage, is no more than the statement of a conclusion by the pleader

without the allegation of any fact to support it. The averment of a reason why an ordinance is void is a mere dodging of the averment of a fact upon which the conclusion that it is void depends.

5.  SAME—*Insufficient Averments.*—An allegation in a bill for an injunction to restrain a railroad company from laying its tracks in a public street, that the petition was not signed by the owners, does not overcome the presumption that the council had before it a petition purporting on its face to meet the requirements of the law, and is insufficient.

6.  PLEADING—*Allegations to be Construed Against the Pleader.*—The rule that allegations will be most strongly construed against the pleader is applicable, and should be enforced in cases where the validity of an act of a municipal corporation is involved.

7.  CORPORATE ACTS—*Lack of Power—Where the Courts Will Not Interfere.*—It is only in cases of a total lack of power that courts will interfere with the acts of bodies charged by law with the discharge of public duties, and then only when the lack of power to do the particular thing complained of is clearly shown.

8.  JUDICIAL NOTICE—*Distance Between Streets.*—Courts can not take judicial notice of the distance between the various streets of the city of Chicago.

**Bill for Injunction.**—In the Circuit Court of Cook County. Consolidated cases; the Hon. RICHARD S. TUTHILL and the Hon. OLIVER H. HORTON, Judges, presiding. Submitted to this court at the March term, 1895. Reversed and remanded. Opinion filed April 5, 1895.

APPELLANT'S BRIEF, EGBERT JAMIESON, ATTORNEY.

Appellant contends that appellee can not invoke the extraordinary remedy of an injunction upon the case made by the bill; the relief, if any, can be obtained only in a court of law. Patterson v. Chicago, D. & V. R. R. Co., 75 Ill. 588; Tibbitts v. W. & S. Towns St. Ry. Co., 54 Ill. App. 187; Moses v. Kane et al., 21 Ill. 515; Corcoran v. C., M. & N. Ry. Co. et al., 149 Ill. 291; Stetson v. Chicago & Evanston R. R. Co., 75 Ill. 74; C., B. & Q. R. R. Co. v. McGinnis, 79 Ill. 269; Truesdale v. Peoria Grape Sugar Co., 101 Ill. 564; Penn Mutual Life Ins. Co. v. Heiss, 141 Ill. 35; Parker v. Catholic Bishop, 146 Ill. 165; Doane v. Chicago City Railway Co., 51 Ill. App. 333; Sparhawk v. P. R. R. Co., 54 Pa. St. 101; 1 Spelling, Ex. Relief, Sec. 382.

There is no sufficient allegation in the bill that public notice was not given as required by law. Northern Electric Ry. Co. v. C., M. & St. P. R. R. Co., 57 Ill. 409.

There is no sufficient allegation in the bill that the statutory requirements as to frontage were not complied with. Northern Electric Ry. Co. v. C., M. & St. P. R. R. Co., 57 Ill. App. 409.

BRIEF OF THE WEST CHICAGO STREET RAILROAD COMPANY, EDMUND FURTHMANN, ATTORNEY.

The fee of Grand avenue is in the city, in trust for the public, and in consequence the public authorities only can enforce public rights or redress public wrongs. Sparkawk v. Union P. R. Co., 54 Pa. St. 401; Patterson v. C., D. & V. R. Co., 75 Ill. 588; 1 Spelling on Extraordinary Relief, Sec. 382; Hunt v. Chicago Horse & Dummy R. R. Co., 121 Ill. 638; Moses v. Pitts. R. R. Co., 21 Ill. 515; Stetson v. Chi. & Evan. R. R. Co., 75 Ill. 74; Patterson v. Chi. Dan. & Vin. R. R. Co., 75 Ill. 588; Peoria, etc., R. R. Co. v. Schertz, 84 Ill. 135; Chi. & E. I. R. R. Co. v. Loeb, 118 Ill. 203; Chi. & W. I. R. R. Co. v. Ayres, 106 Ill. 511; P. & Ft. Wayne R. R. Co. v. Reich, 101 Ill. 157; Chicago & E. I. R. R. Co. v. McAuley, 121 Ill. 161; Penn. Mut. L. Ins. Co. v. Heiss, 141 Ill. 35; Corcoran v. Chi., M. & N. R. R. Co., 149 Ill. 291; Loire v. N. C. St. Ry. Co., 32 Fed. Rep. 270; People v. Kerr, 27 N. Y. 188; Tibbetts v. The W. & S. T. St. Ry. Co., 38 N. E. Rep. 664; Parker v. Catholic Bishop, 146 Ill. 165; McDonald v. English, 85 Ill. 232; Springer v. Walters, 139 Ill. 419.

The abutting property owner's right to use the street is no greater than that of every other one of the public, and he can not represent the public and by his individual suit conclude its right. Doane v. Chicago City Ry. Co., 51 Ill. App. 362; Davis v. Mayer, 2 Duer 663; Hartshorn v. South Reading, 3 Allen 501; McDonald v. English, 85 Ill. 232; High on Injunctions, Sec. 762; City of E. St. Louis v. O'Flynn, 119 Ill. 200; City of Chicago v. Union Bldg. Ass'n, 102 Ill. 379; Patterson v. C., D. & V. R. R. Co., 75 Ill. 588; Vanderpoel et al. v. The West & S. Towns St. Ry. Co., Chi. Leg. News, Vol. 26, 388.

The finding of the city council as to the sufficiency of the petition before it at the time of the passage of the ordi-

nance is conclusive unless attacked directly, or for fraud. Tibbetts v. W. & S. Towns St. Ry. Co., 54 Ill. App. 180; Black on Judgments, Sec. 532; Bissell v. City of Jefferson-ville, 24 How. 287; Vanderpoel v. The W. & S. Towns St. Ry. Co., 26 Chi. Leg. News, 238; Ely v. Board of Commrs. Morgan Co., 112 Ind. 361; Strieb v. Cox, Treas., 111 Ind. 299; People v. City of Rochester, 21 Barb. 656; Nash v. Williams, 20 Wall. 326.

HAMILTON & FULLENWIDER, attorneys for appellee Ann Cheetham.

CHARLES H. CHAPIN and WM. J. MANNING, attorneys for appellees.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

These three cases, involving substantially the same questions, will be considered together, although brought to this court, two upon appeal and the other by writ of error, upon different records.

For convenience' sake we will refer to the appeal cases as the Cheetham and the Chapin cases, respectively, and to the error case as the Vandehouten case.

All the cases were in equity, and were for relief by way of injunction only, against the appellant in the Cheetham and Chapin cases from laying its tracks and putting up poles and electric wires and operating electric cars in certain portions of Fullerton avenue, Chicago; and against the plaintiff in error in the Vandehouten case from laying tracks and constructing and operating a railroad on Grand avenue in said city, between certain specified streets.

In the Cheetham and Chapin cases the complainants were the owners, respectively, of a residence lot abutting upon said Fullerton avenue between the points from and to which said road was threatened to be constructed and operated; and in the Vandehouten case, the complainant was the owner of a residence lot abutting upon said Grand avenue, between

Indiana street and Chicago avenue, along which the plaintiff in error was threatening to construct and operate its railroad.

To each bill a general demurrer was filed and overruled, and the defendant in each cause having elected to stand by its demurrer, the court decreed perpetual injunctions as prayed. From such decrees this appeal and writ of error are prosecuted.

The ordinances of the city of Chicago under which the appellants were, respectively, claiming to act, were set up in the respective bills, and on their face conferred the right to do the acts against which the relief was prayed.

The powers of the city council of cities organized under the act for the incorporation of cities and villages, as finally amended March 30, 1887, of which the city of Chicago is one, are, so far as the questions presented are concerned, contained in Sec. 1, Art. 5, of that act, and are as follows:

Par. 9.    To regulate the use of streets.

Par. 24.    To permit, regulate or prohibit the locating, constructing or laying a track of any horse railroad in any street.

Par. 90.    The city council shall have no power to grant the use of, or the right to lay down, any railroad tracks in any street of the city to any steam, dummy, electric, cable, horse or other railroad company, whether the same shall be incorporated under any general or special law of the State, now or hereafter in force, except upon the petition of the owners of the land representing more than one-half of the frontage of the street, or so much thereof as is sought to be used for railroad purposes, and when the street or part thereof sought to be used shall be more than one mile in extent, no petition of land owners shall be valid unless the same shall be signed by the owners of the land representing more than one-half of the frontage of each mile, and of the fraction of a mile, if any, in excess of the whole miles measuring from the initial point named in such petition, of such street, or of the part thereof sought to be used for railroad purposes.

The fee of all streets in Chicago is in the city, in trust for the public, but subject, however, to the provisions of paragraph 90 aforesaid, and paragraph 90 is a limitation upon the power granted by paragraphs 9 and 24, above. Hunt v. Chicago Horse & Dummy Ry. Co., 121 Ill. 638.

It is apparent from the mere reading of paragraph 90 that the city is without power to grant the use of a public street for the railroad purposes therein mentioned except upon the petition therein provided. The words "shall have no power to grant," etc., are as strong and plain as language is susceptible of; and it is said in Tibbetts v. Street Ry. Co., 153 Ill. 47, the petition referred to is a " prerequisite to the passage of such ordinances," and language to the same effect is used in Hicky v. C. & W. Ind. R. R. Co., 6 Ill. App. 172.

In the Cheetham case, after averring the passage and approval of the ordinance, it is alleged as follows:

" That said ordinance is void for the reason that the said ordinance was passed by said city council without ten days' previous public notice having been given as required by law, in some newspaper of the said city of Chicago, or in said county of Cook, of the time and place of the presenting of the petition of the said street railroad company, or the consent of the council to locate and construct a street railway upon and along said Fullerton avenue, the street in said ordinance mentioned.

Your oratrix further represents unto your honors, that the said ordinance is void for the further reason that it was passed by the said city council, without a petition, asking for the passage of the said ordinance, having been signed by the owners of the land representing more than one-half of the frontage of the street, or so much of said Fullerton avenue as is sought or proposed to be used for such street railway track or tracks as is required by law, and particularly without any petition for the passage of said ordinance having been signed by the owners of the land representing more than one-half of frontage of said Fullerton avenue, along the eastern mile and fraction of a mile, which is proposed and sought to be used for such street railroad tracks, as is re-

quired by law; that the said premises of your oratrix front said Fullerton avenue along the eastern mile of so much of said Fullerton avenue as is sought or proposed to be used for said street railroad track; and that because no such notice was published, and because of the fact that no such petition as aforesaid, as is required by law as aforesaid, was presented to the said city council, said ordinance is void, and said council had no authority to pass such ordinance without such notice as aforesaid having been published, and without such petition having been signed as aforesaid."

The bill in the Chapin case also alleges reasons why the ordinance is void, giving as such reasons substantially the same as are alleged in the Cheetham case, although with increased amplification. There is not in either bill any allegation that the requisite notice was not given, nor that the requisite petition was not signed and presented to the council.

The averments that the ordinance is void for the reason that it was passed without ten days' previous notice having been given as required by law, and for the reason that it was passed without a proper petition asking for its passage, are no more than the statements of a conclusion by the pleader without the allegations of any fact to support it.

There is no allegation in the bill that the requirements of the statute concerning the notice and petition were not complied with, and no traversable issue concerning the same was presented by either bill. The averment of a reason why an ordinance is void is a mere dodging of the averment of a fact upon which the conclusion that it is void depends. There were therefore no allegations in either bill to support the injunctions that were allowed.

If, however, we could treat the averments as allegations of facts regarding the lack of a petition, they would be manifestly insufficient.

It is not to be presumed that a body charged with public duties will proceed in violation of law, and confer grants without the observance of the limitations expressly imposed by statute, and allegations which shall furnish good cause

North Chicago St. R. R. Co. v. Cheetham.

for interference by courts with such bodies in the exercise of their granted powers, must be clear and explicit, and must point out by positive allegation wherein such bodies have violated the law by exceeding their powers.

The allegation treating the averment of a reason why the ordinance is void as the allegation of a fact prerequisite to its validity, is that the ordinance is void because it was passed without a petition asking therefor, "signed by the owners of the land representing more than one-half of the frontage," etc.

The statute does not require that the petition shall be signed by the owners.

It was expressly decided in Tibbetts v. Street Ry. Co., *supra*, that the petition might be signed by agents of the owners, without the authority to the agents appearing on the petition, and that in the absence of an allegation that the names of the owners were signed without authority, and no fraud being alleged, a petition so signed was sufficient to set in motion the reserved power of the council.

An allegation, therefore, that the petition was not "signed by the owners," does not overcome the presumption that the council had before it a petition purporting on its face to meet the requirements of the law, and is insufficient.

The city council in such a case acts, in determining the sufficiency of the petition before it, in a judicial character. Tibbetts v. W. & S. T. Ry. Co., 54 Ill. App. 160.

And a court of equity should not interfere with such a determination except upon a clear showing of a lack of power by the council to do the act complained of.

In the Vandehouten case the bill, after averring the passage of the ordinance by the city council, under which permission was granted to the appellant to lay tracks on the streets therein named, including that portion of Grand avenue upon which complainant's lot abutted, alleged:

That the said defendant corporation had obtained, prior to the enacting of the said ordinance, the necessary petitions of the land owners in and along the said streets and avenue, save and except as to the said avenue known and described

in the said ordinance as Grand avenue, and that as to said Grand avenue, such petitions were only obtained for the construction of railroads upon the said avenue between Chicago avenue and Crawford avenue, and that as to the said Grand avenue between Indiana street and Chicago avenue no such petition was ever obtained or filed with the city clerk of the city of Chicago, and states and charges the fact to be, that the said ordinance, in so far as it provides for the laying of tracks or the construction of railroads between said Indiana street and the said Chicago avenue on said Grand avenue, was enacted without any petition whatever of any of the property owners abutting thereon, and is to that extent void.

The substance of that allegation is that the council had before it a proper petition for the granting of the use of streets named, including that part of Grand avenue between Chicago avenue and Crawford avenue, but not including that part of Grand avenue between Indiana street and Chicago avenue.

The grant of the use of said streets and both portions of said Grand avenue, was given by the same ordinance. And it is alleged that the "necessary petitions" of the owners along and upon said avenue, except as to that part thereof between Indiana street and Chicago avenue, had been obtained by the appellant.

We can not take judicial notice of the distance apart of the various streets of Chicago, and whether Grand avenue is one or more miles, or is but a fraction of a mile in length between Indiana street and Crawford avenue, and what the distance is between Indiana street and Chicago avenue, is not alleged in the bill, nor is it alleged that the "necessary petition" for the granting of the use of that part of Grand avenue between Chicago avenue and Crawford avenue did not contain the consent of the owners of sufficient frontage to cover the distance between Indiana street and Chicago avenue. The distance between Indiana street and Chicago avenue, along Grand avenue, may, for anything alleged in the bill, be but a quarter of a mile, and the initial point of

the grant may be, for aught that appears, at Indiana street, and then, in such a case, it would be sufficient if, in the other three-quarters of a mile beyond Chicago avenue, enough frontage consent was secured to equal more than one-half of the frontage of the mile in which that portion of Grand avenue between Indiana street and Chicago avenue was included.

It may well be that although a majority of the frontage between Indiana street and Chicago avenue did not petition for the permission, yet that a majority within the mile of which that portion was but a part did join in the petition.

The rule that allegations will be most strongly construed against the pleader is applicable, and should be enforced in cases like this, where the validity of the act of a public body is involved. There was here a petition before the council, and in the absence of explicit and positive allegations the sufficiency of the petition should not be denied.

There is always to be observed the difference between the exercise of an excess of authority and a total lack of power.

It is only in cases of the latter character that courts will interfere with the acts of bodies charged by law with the discharge of public duties, and then only when the lack of power to do the particular thing complained of is clearly shown. Presumptions will not aid pleadings in such cases.

The validity or invalidity of the ordinances in question can be determined only upon the allegations in the bills of complaint, and upon them, as pointed out, and perhaps in other respects, a discussion of which would unnecessarily prolong this opinion, we are of opinion that the injunctions complained of were improvidently granted.

The order, therefore, in each case, will be that the judgment of the court below be reversed, with directions to dismiss the bill.

MR. JUSTICE GARY.

It is mere opinion whether the owner of a lot abutting upon a street will be injured or benefited by putting into

the street additional facilities of access by residents along the street to a business center.

Whether those facilities are put there with or without lawful authority is by itself no ground for a court of chancery to act upon; before its aid can be asked, injury to the applicant, without an adequate remedy at law, must be shown.

If by a street railroad such owner is injured, he may recover damages at law, and then a court of equity, if such damages can not be collected, will come to his aid. Penn. M. L. Ins. Co. v. Heiss, 141 Ill. 35.

I am of opinion that a property owner has no standing in a court of equity, under any circumstances, to restrain the construction of a street railroad. If there be a purpresture—occupying the street without legal authority—the remedy is for the State. 4 Bl. Com., 167.

If private property is damaged, the owner may have his action on the case. Tibbetts v. West & South Towns St. Ry. Co., 54 Ill. App. 180.