## F. Kirchman and J. Baumruk v. West & South Towns Street Railway Co., Chicago General Street Railway Co., City of Chicago and J. V. MacAdam.

### Joseph Shima v. Same.

1. PLEADINGS — *Validity of Ordinances.*— Allegations concerning fundamental facts upon which the validity of an ordinance depends must be more precise and certain than to show, upon mere information

and belief, what may, under such an allegation, have its existence only: and the rule that all allegations will be most strongly construed against the pleader, has especial application when the validity of the act of a public corporation like a city, is involved.

2.    CITIES AND VILLAGES—*Determining the Sufficiency of Petitions for Public Improvements.*—In determining the sufficiency of a petition for a public improvement, a city council acts in a quasi judicial character, and its judgment upon the sufficiency of the petition, in the absence of allegations of fraud, will not be inquired into by the courts upon the application of a private person.

3.    DAMAGES—*Public Improvements—Remedy at Law.*—If a person is damaged by a public improvement his remedy is at law and not in equity.

**Bill to Enjoin the Building of a Street Railway.**—Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed May 16, 1895.

J. G. KRAL and CONDEE & ROSE, for appellants Kirchman and Baumruk; CHARLES B. PAVLICEK and COHRS & GREEN, for appellant Shima.

PECK, MILLER & STARR, attorneys for appellees.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The bills that were filed in these two causes in the Circuit Court, present substantially the same questions upon the appeals from the orders there entered sustaining general demurrers and dismissing the bills for want of equity, and for convenience' sake we will consider both cases together, as appears to have been done below.

Both bills attack the same ordinance of the city of Chicago upon substantially the same grounds, and seek relief by way of injunction against the appellees, from constructing their railways in and along certain specified streets, under the authority of said ordinance. The ordinance, the validity of which is attacked, was passed by the city council on April 5, 1893, and the complainants in both bills were separate owners of certain separate lots abutting respectively upon certain of the streets therein named.

The two principal objections to the validity of the ordi-

nance are, that the ordinance is void, first, because passed without the necessary petition by the owners of the land fronting on the streets in question, as required by paragraph 90, Sec. 1, Art. V, Chap. 24, Rev. Stat. Ill., entitled Cities, Villages and Towns; and second, because passed without the necessary notice having been first given of the time and place of presenting the petition to the council, as required by Sec. 3, Chap. 66, Revised Stat. Ill., entitled Horse and Dummy Railroads.

The ordinance was set forth and made a part of each of the bills, and on its face conferred the authority upon the appellees to do the acts complained of.

The powers of the city council in cities organized under the act entitled Cities, Villages and Towns, as finally amended March 30, 1887, are, so far as the questions here involved are concerned, contained in paragraphs 9, 24 and 90, of Sec. 1, Art. V, Chap. 24, Rev. Stat., above referred to. It has been held that the provisions of paragraph 90 constitute a limitation upon the powers granted by paragraphs 9 and 24. Hunt v. C. H. & D. Ry. Co., 121 Ill. 638; Tibbitts v. Street Ry. Co., 153 Ill. 147; same case, 54 Ill. App. 180.

And it was held in Metropolitan City Ry. Co. v. Chicago, 96 Ill. 620, which was the case of a municipality, as trustee for the public, asking substantially the same relief which is sought by these complainants in their capacity of private persons, that the notice required by Sec. 3, Chap. 66, Rev. Stat., aforesaid, to be published, was essential to the validity of an ordinance of this kind.

The allegations concerning the lack of publication of notice of the time and place of presenting the petition for the passage of said ordinance are made upon "information and belief" only; it is not even averred that the complainants are informed and believe, and upon such information and belief, state and charge the fact to be, that no notice was given.

Allegations concerning fundamental facts upon which the validity of municipal ordinances depend, must be more precise and certain than to show upon mere information and belief what may, under such an allegation, have its exist-

ence in bare rumor only, and the rule that all allegations will be most strongly construed against the pleader has especial application where the validity of the act of a public corporation, like a city, is involved.

It is made to appear by the allegations of both bills concerning the lack of necessary petitions by the owners of land fronting upon the streets in question, that petitions by such owners for the passage of the ordinance were presented to the city council, but it is alleged that such petitions were insufficient in not including a majority in measurement of frontage owners, and for other less material reasons.

It is not alleged that any fraud was practiced upon either the council or the property owners in the matter of the petitions that were presented. All that is, in effect, alleged is that the petitions were insufficient on account of the deficiencies stated.

Now, we have held that in determining the sufficiency of such petitions the city council acts in a quasi judicial character. Tibbitts v. Street Ry. Co., 54 Ill. App. 180; North Chicago Street Ry. Co. v. Cheetham (No. 5516 this term). And that being the rule, its judgment upon the fact of the sufficiency of the petition before it, in the absence of allegations of fraud, will not be inquired into by the courts upon the application of a private person, who, if he be damaged, has a clear remedy at law for all the injury he may sustain through the imposition upon the surface of the street of an additional use by the public.

The reasons for not interfering in such cases are, for the purpose of this opinion, sufficiently stated in the Tibbitts case, *supra*, and need not be repeated. We refer also to Stewart v. Chicago General Street Ry. Co. (No. 5561) filed this term.

It is unnecessary to comment upon the other points argued, for they all depend in substance upon those that we have noticed, except that of laches in filing the bills, and upon that we refer, also, to the Tibbits case, *supra*, wherein the delay was even less than in these cases.

The decree of the Circuit Court in each of the causes is affirmed.