THE STATE OF KANSAS, *ex rel. C. C. Coleman, as Attorney-general*, v. THE CITY OF CLAY CENTER *et al.*

No. 15,404. (91 Pac. 91.)

SYLLABUS BY THE COURT.

1. MUNICIPAL BONDS—*Notice of Election—Time of Publication.* The first publication of a notice of a bond election to be held under the provisions of chapter 101 of the Laws of 1905, authorizing certain cities to issue bonds for natural gas, water, lighting and heating purposes, may be made in the same issue of the official newspaper which contains the publication of the ordinance directing the calling of the election.

2. ——— *Issuance and Sale—Injunction—Intent to Misappropriate the Money.* The issue and sale of municipal bonds voted for the construction of an electric-light plant will not be enjoined merely because the city officials entertain and express an intention to expend the money to be derived in equipping the plant to supply electric power to the inhabitants of the city.

Error from Clay district court; SAM KIMBLE, judge. Opinion filed July 5, 1907.   Affirmed.

*Fred S. Jackson,* attorney-general, *C. C. Coleman, F. L. Williams,* and *John E. Hessin,* for The State.

*F. P. Harkness,* city attorney, and *Dawes & Rutherford,* for defendants in error.

The opinion of the court was delivered by

BURCH, J.: The suit in the district court was commenced to restrain the defendants from issuing, selling and delivering bonds of the city in the sum of $25,000, which had been voted at a special election for the purpose of constructing works to supply the inhabitants of the city with electric light.   The election was held under the provisions of chapter 101 of the Laws of 1905.   Section 2 of the act reads as follows:

"Whenever the city council of any such city shall desire to procure authority for the issuance of bonds under the terms of this act, they shall pass an ordinance directing the calling of an election for the submission of the question to the electors thereof.   Notice for such election shall state the amount of bonds proposed to be issued, the purpose of the issue, and state the polling-place or places at which the election will be held.   Said notice shall be signed by the mayor and city clerk, and shall be published in at least one newspaper for three consecutive weeks.   The first publication of said notice to be at least twenty days prior to the day fixed for such election."

The ordinance directing the calling of the election and the notice of the election were published in the same issue of the official newspaper.   It is claimed that the ordinance became effective only after publication, that no authority existed to call the election until after the ordinance was in force, and hence that the first publication of the notice cannot be counted.   The objection is technical in the extreme, and involves a refinement in respect to time which the court is not inclined to regard.   The moment the ordinance took effect authority

to call the election and publish notice of it existed. That moment the authority was exercised and the notice appeared, and the circumstance that the two facts occurred simultaneously cannot impair the notice. If authority in support of the principle be necessary it may be found in the cases of *Clark v. City of Janesville,* 10 Wis. 136, and *Warsop v. City of Hastings,* 22 Minn. 437.

On the trial evidence was offered and rejected to the effect that the city officials entertained and had expressed an intention to expend the money to be derived from the sale of the bonds when issued in equipping the proposed electric-light plant to supply electric power to inhabitants of the city. The people of Clay Center voted these bonds to raise money to be expended for a specified purpose, and are entitled to have them issued and sold in execution of that purpose. If after that has been done an attempt should be made to misappropriate the funds obtained there will be time enough to determine what is a misappropriation, and to interfere if necessary.

The judgment of the district court denying an injunction is affirmed.