No. 21,165.

E. H. NELSON and W. C. NELSON, *Appellants*, v. SCHOOL DIS-
TRICT No. 3 IN OTTAWA COUNTY et al., *Appellees*.

SYLLABUS BY THE COURT.

1. SCHOOL DISTRICT—*Condemnation of Land for Schoolhouse Site—Pro-
ceedings Regular.* Under section 9409 of the General Statutes of 1915
a record of a school-board meeting showing an order by the board de-
scribing certain land and declaring that the appropriation of such
land is necessary for the purposes of a schoolhouse site and play-
grounds is sufficient to authorize a proceeding for the condemnation
of the land, where it appears that a survey of the land has been made
and a plat has been filed with the clerk.

2. SAME—*Condemnation Proceedings—Statutes Controlling.* Where a
school district in which is situated a city of the third class has voted
to change its schoolhouse site under section 8915 of the General Stat-
utes of 1915, the school board may then proceed, under sections 9408-
9414 of the General Statutes of 1915, to condemn the new site.

3. SAME. A school board acting under sections 9408-9414 of the Gen-
eral Statutes of 1915 may condemn more than one and one-half acres
for a schoolhouse site and playgrounds.

4. SAME—*Condemnation of Land—Effort to Purchase.* Where land has
been selected for a schoolhouse site it is not necessary for the school
board to try to purchase the land at a reasonable price or procure it
by donation or otherwise, before instituting condemnation proceed-
ings, if the owner of the land refuses to convey or donate the land to
the school district.

Appeal from Ottawa district court; DALLAS GROVER, judge.
Opinion filed May 12, 1917. Affirmed.

*C. W. Burch, B. I. Litowich,* and *La Rue Royce,* all of Salina,
for the appellants.

*F. D. Boyce,* of Minneapolis, *A. E. Crane, Oscar Raines,* and
*R. F. Hayden,* all of Topeka, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.:   In this action the plaintiffs seek to enjoin
the defendants from condemning four and one-half acres of
the plaintiff's land for a schoolhouse site and playgrounds.
Bennington, a city of the third class, is situated in the school
district.   Judgment was rendered in favor of the defendants
and the plaintiffs appeal.

Nelson v. School District.

1. The defendants proceeded under sections 9408-9414 of the General Statutes of 1915. The records of the school district show that the land sought to be appropriated was selected for a schoolhouse site by a special district meeting on March 4, 1916. These records also show that the school board, at a meeting held on March 8, made an order declaring that the appropriation of the land in controversy was necessary for the purpose of a schoolhouse site and playgrounds. The land selected was described in the record of the meeting of the school board, and a plat appears to have been filed.

Objecting to the legality of the proceedings by which the schoolhouse site was changed the plaintiffs insist that the board abandoned the vote concerning the selection of the new site, and proceeded under the order made by the board on March 8, 1916, which order declared that the appropriation of the land in controversy was necessary for the purpose of a schoolhouse site and playgrounds. The plaintiffs insist that this record was insufficient because there is nothing in the statute under which the board was proceeding, section 9409 of the General Statutes of 1915, which permits the board to act in that manner, or to appropriate land under the order made. The statute provides that the school board shall make an order declaring that the appropriation of such land is necessary, and setting forth for what purposes the same is to be used. The order declared that "the appropriation of the land herein described is necessary for the purpose of a schoolhouse site and playgrounds." The order follows the statute literally. The plaintiffs' criticism is that the record of the school board does not show that the board deemed it necessary that the land be appropriated. The opening statement of the statute reads: "Whenever it shall be deemed necessary by . . . any school district, etc." The statute does not require that the school board make a record stating that the board deems it necessary to appropriate the land. The school board did all that was necessary under the statute.

2. The plaintiffs argue that the proceedings authorizing the change of the schoolhouse site were illegal and did not follow the statute authorizing the change. The plaintiffs do not point out wherein the proceedings were illegal or wherein they did not follow the statute. An examination of the record of the

proceedings as introduced in evidence and as set out in the pleadings fails to disclose any substantial irregularity in the proceedings. Under *Stevenson v. Shawnee County,* 98 Kan. 671, 159 Pac. 5, the findings of the district board concerning the result of the election are binding and conclusive on the plaintiffs, in the absence of fraud. No fraud on the part of the school board was alleged or proved.

3. The plaintiffs contend that the defendants were proceeding under sections 8913, 8915 and 8917 of the General Statutes of 1915, and that under these statutes not more than one and one-half acres can be condemned for a schoolhouse site. The specific declaration of the school board is that it was proceeding under "sections 110 and 111, of article 2 of the 1915 school laws of the state of Kansas, and being section 7860 General Statutes 1909." Sections 110 and 111 of article 2 of the school laws are sections 9408 and 9409 of the General Statutes of 1915. The order made by the school board complies with section 9409. The entire condemnation proceeding of the school board appears to have been had under sections 9408-9414 of the General Statutes of 1915.

The plaintiffs invoke the principle of statutory construction that statutes *in pari materia* must be construed together; and therefore argue that the school board, although proceeding under section 9409, can not condemn more than one and one-half acres of land, as is provided by section 8917. The last named section applies to school districts and boards of education of cities of the second class. Sections 9408-9414 apply to county high schools, to boards of education of cities of the first and, second classes, and to school districts in which are located cities of the third class, and prescribes a complete general law for the condemnation of lands for schoolhouse sites and for playgrounds. Section 8917 was enacted in 1874 and amended in 1885. That statute says nothing about playgrounds. Sections 9408-9414 were enacted in 1909, and constitute chapter 86 of the Laws of 1909, the repealing section of which is as follows:

"That section 3, chapter 122, Laws of 1874, as amended by section 1, chapter 174, Laws of 1885, so far as the same relate to cities of the second class, and all other acts or parts of acts in conflict herewith, are hereby repealed." (Gen. Stat. 1915, § 9414.)

Nelson v. School District.

The old statute stands as to school districts in which there is not a city of the third class. There would be no difficulty in construing the new act, were it not for its repealing clause. The old statute is expressly repealed as to cities of the second class. They must proceed under the new statute. As to them there is no limitation on the amount of land that can be condemned for a schoolhouse site or for playgrounds. When a school district proceeds under the new statute, it must proceed the same as a city of the second class; it has the same rights and powers and is subjected to the same restrictions as such cities. If such a city may condemn more than one and one-half acres of land, a school district may do the same. By any other construction the statute would permit cities to condemn the amount of land necessary and prohibit school districts from doing the same, although both act under the same statute. Such a construction would render the act nugatory as to school districts. So far as school districts in which are located cities of the third class are concerned, there is room for both laws to operate, and such districts may proceed under either of the statutes. If they proceed under the old statute, they can not condemn more than one and one-half acres of land; if they proceed under the new statute, they can condemn the amount deemed necessary.

4. The plaintiffs make another objection to the proceedings. They insist that the school board sought to appropriate this land without trying to purchase it at a reasonable price or to procure it by donation or otherwise. The evidence shows that the plaintiffs stated positively that they would not sell the land unless compelled so to do. Invoking the principle often announced in the law of tender—that where it is useless to make a tender none is required—it was not necessary for the defendants to attempt to purchase this land or to secure it by donation or otherwise, before instituting condemnation proceedings.

The judgment of the district court is affirmed.