No. 21,948.

F. M. WASHBURN and W. E. McCARTER, *Appellants*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SHAWNEE, *Appellee*.

SYLLABUS BY THE COURT.

1. HIGHWAYS—*Improvements—Apportionment of Costs—Power of Legislature.* Where proceedings for the improvement of a highway are begun under a statute providing that one-fourth of the cost shall be paid by the township and the remainder charged against the land in a benefit district, it is competent for the legislature thereafter to change the distribution so that the cost shall fall one-fourth on the township, one-half on the county, and the remainder upon the land in the benefit district. The owner of the specially benefited land is not prejudiced, for his burden is lightened, and the general taxpayers of the county have no legal ground of complaint, because it is within the discretion of the legislature to impose any part of the cost of a highway upon the county.

2. SAME—*Improvements—Apportionment of Costs—Notice to Taxpayers.* In such a statute no provision is necessary for notice to the owners of property other than land in the benefit district, for as to them the tax is general; or if it is regarded as special, they are conceived as having notice through their representatives in the legislature, that body having itself determined the apportionment of the burden.

3. SAME—*Bids for Construction of "Hard-surface Road"—No Departure from Petition.* A call for bids for the construction of "a hard-surface road of 'bituminous macadam' " shows no departure from the requirements of a petition for a roadway of "crushed stone or macadam with a top surface of Burmudez asphalt, or other asphalt equally as good, employing what is known as the 'penetration method.' "

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed May 18, 1918. Affirmed.

*James A. Troutman,* of Topeka, for the appellants.

*Hugh T. Fisher,* of Topeka, for the appellee.

The opinion of the court was delivered by

MASON, J.: Prior to 1917 proceedings were begun for the improvement of a highway under a statute providing that one-fourth of the cost should be paid by the township, and that the remainder should be charged against the land in a benefit district. (Gen. Stat. 1915, §§ 8815-8826.) By reason of litigation which resulted in confirming the validity of the steps already taken (*Stevenson v. Shawnee County,* 98 Kan. 671, 704, 159 Pac. 5), the work was delayed, and in the meantime the statute was amended (Laws 1917, ch. 265), the amendment being specifically made applicable to roads theretofore petitioned for (§ 14). In the new statute the distribution of the cost was changed so that the township should bear one-fourth, the county one-half, and the land in the benefit district the remainder. (§ 6.) The county commissioners had advertised for bids for doing the work, when a new action was brought to enjoin it by an owner of land in the benefit district and a resident of the township who is liable for taxes on property elsewhere in the county. The plaintiffs were denied relief, and appeal.

1. They contend that it was beyond the power of the legislature to change the distribution of the cost of the improvement after the petition therefor had been signed and acted upon. We regard the contention as not well founded. The owners of the land within the benefit district were not prejudiced by the alteration, because their burden was diminished. The taxpayers of the township were not affected as such. The taxpayers of the county have no legal basis for complaint, for it was competent for the legislature to impose upon the county any part of the cost of the highway. (2 Cooley on Taxation, 1203-1205; see, also, *The State, ex rel., v. Comm'rs of Shawnee Co.,* 28 Kan. 431.) It is true, some of the petitioners might possibly have been opposed to the road if they had known that half the expense was to be borne by the county. But as the legislature could have dispensed with the petition altogether in the first place, it could do so at a later date as well. (12 C. J. 1091.)

2. The plaintiffs argue that the statute is invalid under the rule that "before special taxes can be made a fixed and permanent charge upon the property of such individuals, they must have notice, with an opportunity to be heard and an opportunity to contest the validity and fairness of such taxes." (*Gilmore, County Clerk, v. Hentig,* 33 Kan. 156, syl. ¶ 2, 5 Pac. 781.) Provision is made for notice to the owners of land in the benefit district. (§ 6.) As to other taxpayers, the tax is a general one. But if it be regarded as special, the property owner is regarded as having notice and hearing through his representatives in the legislature, inasmuch as that body has itself directly determined the apportionment of the burden without committing any essential feature thereof to an inferior tribunal. (*Railroad Co. v. Abilene,* 78 Kan. 820, 826, 98 Pac. 224; 1 Taxation by Assessment, Page and Jones, § 123; Judson on Taxation, 2d ed., § 418.) So far as relates to the valuation of his property, the taxpayer has the benefit of the notice and hearing provided by the statute relating to general taxation.

3. The petition asked for the improvement of the highway "by constructing a roadway . . . using crushed stone or macadam with a top surface of Burmudez asphalt, or other asphalt equally as good, employing what is known as the 'penetration method.'" The notice to contractors asks for bids "for the constructing of a hard surface road of 'Bituminous Macadam' . . . as called for in the plans and specifications . . . now on file in the office of the county clerk." The plaintiffs suggest that the character of the road described in the bid is not the same as that petitioned for. We perceive no inconsistency. According to Webster's New International Dictionary, bitumen originally meant mineral pitch, or asphalt, and by extension includes that substance with others; "bituminous macadam" means "bitulithic pavement," and "bitulithic" is an adjective "designating a kind of paving the main body of which consists of broken stone cemented together with bitumen or asphalt." The specifications referred to are of course controlling, and presumably conform to the petition.

The judgment is affirmed.