Smith v. Fuest.

No. 27,931.

R. P. SMITH, J. E. GOERGE, J. G. TRINDLE, B. E. WRIGHT and GEORGE S. SMITH, *Appellants*, v. J. F. FUEST, T. J. SMITH, M. W. DUNLAP, W. H. VICKERS, O. J. GROSS, JOHN CALLAWAY, EARL WALKER, LEE LARRABEE, G. M. RAUB, PERRY BUCKLEY and FRED M. BEATY, *Appellees*.

(263 Pac. 1069.)

### SYLLABUS BY THE COURT.

1. MUNICIPAL CORPORATIONS—*Bonds for Public Improvements — Effect of Petition by Taxpayers—Authority to Call Election.* In an action by taxpayers against the mayor and council of a city of the second class to enjoin the issuance of bonds, the proceeds of which were to be used to build a swimming pool in a city park, the proceedings considered, and held: ·(*a*) It was immaterial whether a petition signed by certain of the taxpayers of the city was presented and considered by the governing body of the city or whether the petition was or was not legal; (*b*) The city had authority to call an election to vote on a proposed issue of bonds for improvement of its public parks; (*c*) The action of the city council in considering and passing the ordinance is sufficient to show that the council deemed such action expedient.

2. SAME—*Judicial Supervision of Powers—Wisdom of Enactment.* A court will not substitute its judgment and discretion for that of a legislative body as to what would or would not be expedient.

3. SAME—*Parks—Swimming Pool as Public Improvement.* The construction of a modern sanitary swimming pool in a public park for swimming and bathing purposes is a public improvement and comes within the proper and legitimate uses for which public parks are created.

Appeal from Seward district court; GEORGE L. LIGHT, judge. Opinion filed February 11, 1928. Affirmed.

*F. S. Macy*, of Liberal, for the appellants.

*F. O. Rindom* and *M. F. Cosgrove*, both of Liberal, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: The action was one against the mayor and council of the city of Liberal to enjoin the issuance of bonds, the proceeds of which were to be used to build a swimming pool in a city park. A demurrer to plaintiffs' petition was sustained, and they appeal.

Plaintiffs alleged substantially that they were resident citizens and taxpayers of the city; that the city is of the second class; that the defendants were respectively mayor and councilmen and members of the park board; that a petition containing the signatures of

Injunctions, 32 C. J. p. 260 n. 23. Municipal Corporations, 43 C. J. p. 299 n. 81; 28 Cyc. pp. 954 n. 75, 1588 n. 51, 1590 n. 70.

more than two-thirds of the legal voters of the city was presented to the mayor and council requesting that a special election be called for the purpose of submitting to the voters of the city the proposition, "Shall the city issue its bonds in the sum of $12,000 for the purpose of making park improvements?" and also the statement that "the proceeds of said bonds are to be used for the purpose of constructing a complete modern sanitary swimming pool," for which reason the proposed bond issue was illegal and beyond the rights and powers conferred upon the city by the statutes; that upon the consideration of the illegal and unauthorized petition for the bond election, the mayor and council passed an ordinance under and by the terms of which the mayor was authorized and directed to call a special election for the purpose of submitting to the qualified electors of the city the proposition aforesaid; that pursuant to such authority, the mayor issued a proclamation calling a special election; that the proclamation was illegal and void, and that a valid bond election could not be held by virtue thereof; that the proposed bond issue was illegal and void, for the reason that an election called upon the so-called petition was unauthorized by law and insufficient to confer upon the governing body of the city authority to call a special election, for the reason that the governing body of the city did not deem it expedient in their judgment to make the park improvement proposed. Also, that the voters voting at such election were deceived in that it was represented to them and they believed that the proceeds of the bond issue would be expended for the construction of a swimming pool, and that such expenditure would be in conformity to law and legal, and would not have voted for the bond issue except for such misrepresentation, and that the defendants under the guise of issuing and selling the bonds for park improvements intended to and will divert the proceeds of such bonds for the purpose of building a swimming pool, which is contrary to law.

That is to say, the plaintiffs contend that bonds for park purposes can only be voted at a special election when the city council itself deems it expedient; that the governing body of the city did not in its judgment deem the building of a swimming pool expedient, but called the election only because of the filing of the petition, and that bonds cannot be issued by a city for the purpose of building a swimming pool.

We have what is ordinarily termed the initiative and referendum statute (Laws of 1925, ch. 99), which provides for the filing of a petition in proper form, signed by the electors of cities proposing ordinances which under certain conditions may be passed by the governing body of the city within twenty days or submitted to a vote of the electors. Another statute (R. S. 12-1301) makes provision for the improvement of public parks when the governing body of the city shall be instructed so to do by a majority of votes cast on such proposition at an election held for such purpose. So the question of legality or illegality of the petition here is entirely immaterial. The city council had authority to do exactly what it did without the filing of the petition in question. The action of the plaintiffs is an attempt to enjoin legislative action which under ordinary circumstances will not be done. (*Duggan v. Emporia,* 84 Kan. 429, 114 Pac. 235.)

Nor was there anything illegal in the action of the mayor and council in giving consideration to the petition as presented. The mayor and council are representatives of the people to carry out their will. It is not an unusual practice for the people through petition or otherwise to advise their legal representatives what action they desire, and it is commendatory rather than otherwise for such representatives to give conscientious consideration to and to endeavor to carry out the wishes of their constituents.

A contention that the proclamation calling the special election is illegal and void because published on the same day of the first publication of the ordinance authorizing the election, cannot be sustained. (*State v. Clay Center,* 76 Kan. 366, 91 Pac. 91.)

The contention that the city council called the election because of the filing of the petition and did not itself deem such action expedient, is without merit. The fact that the ordinance was considered by the council, was passed, and that the council is defending this action, is conclusive that the council deemed such action expedient. Having decided to make the improvement in the city park, the ordinance was passed authorizing the mayor to issue a proclamation calling the special election to vote on the question as to whether or not bonds in the sum of $12,000 should be issued for that purpose.

It is for the governing body of a city alone to determine whether or not the passage of such an ordinance is expedient. The court will not substitute its judgment and discretion for that of a legislative

body as to what would or would not be expedient. (32 C. J. 260, 262; 43 C. J. 299.)

Nor does the statute require the city council to show in its records that it deemed the making of the improvements expedient. (*Nelson v. School District,* 100 Kan. 612, 164 Pac. 1075.)

The contention that a swimming pool (under proper conditions) is not a proper park improvement is without merit. In fact, a somewhat exhaustive examination of the authorities discloses no case in which one has heretofore had the hardihood to make such a contention. A city park is a place for recreation, rest and amusement, and in a semiarid district such as that in which the city of Liberal is located, where adequate watercourses and other bodies of water are lacking, and opportunities for participation in the pastime of swimming and bathing are lacking, it is hard to conceive of a more appropriate improvement for a city park than a well-constructed modern sanitary swimming pool. In discussing the reasons why a tourist camp is properly part and parcel of the modern municipal park, in *State, ex rel., v. Dodge City,* 123 Kan. 316, 318, 255 Pac. 387, it was remarked that "its maintenance as a part of the modern municipal park is not different in principle from maintenance of a swimming pool therein about which there is no longer contention." In *Bailey v. City of Topeka,* 97 Kan. 327, 329, 154 Pac. 1014, bathing was recognized as a common recreation. It was said:

"Clearly, it is not inconsistent with the conditions imposed by the donor of the property that visitors to the park should be afforded facilities for obtaining refreshments, for boating and for bathing. No reason exists why they should not pay a fair price for what they eat or drink or for the boating or bathing equipment they use. The city might, through its employees, furnish these conveniences, directly collecting reasonable charges therefor."

In *Gilliland v. City of Topeka,* 124 Kan. 726, 262 Pac. 493, where the court considered the question as to whether a swimming pool in a public park with its usual accessories is a nuisance, it was said:

"The swimming pool was doubtless attractive to children but it was not a nuisance, producing public annoyance, inconvenience, discomfort or hurt. It was a feature of the park, tending to promote public health, happiness and welfare."

Swimming is a universal recreation of the highest order. It is a most healthful, invigorating and agreeable exercise. It has an economic as well as a social value in conserving health. It strengthens

one's lungs, because it compels deep breathing. It strengthens the nervous system because it induces natural sleep. It strengthens the spine and develops the chest because it causes the head to be thrown back and the chest out. It strengthens and sets right the pelvic organs, because the body is in motion on the horizontal plane. It strengthens the skin and prevents the growth of gray hair. It reduces the corpulent and rounds out the attenuated. One forgets his business cares while swimming, and thus it helps to preserve his mental balance as well as muscular symmetry. By correcting tendencies to weakness in various ways it improves one's temper and disposition, for "a healthy liver maketh a cheerful man." It relieves strain on the human constitution caused through inactivity. There is no better exercise than swimming to offset the evils of a sedentary life, as it brings into activity every muscle in the body without any undue strain on any one set of muscles. It keeps the muscles supple, enlarges the diaphragm and the thorax, wards off tuberculosis, straightens the spinal column, corrects humpback and evils that arise from the use of improper clothing. It strengthens the skin, the muscles of which are brought into action, being released from the weight and tension of heavy garments. (See, At Home in the Water, pp. 6, 7, by Geo. H. Corsan.)

We conclude that cities with propriety may have parks with modern sanitary pools to which its citizens may resort for the benefit of their health. Whatever encourages or induces the ordinary "city shut-in" to seek exercise, relaxation, recreation or healthful amusement is a means redounding to the public welfare and should be approved. (See *City of Wichita v. Clapp,* ante p. 100, 263 Pac. 12, and authorities cited *ante.*) The proposed swimming pool is a park improvement of the highest type. The plaintiffs present no legal obstacle to such improvement.

The judgment is affirmed.