No. 27,585.

E. E. GILLILAND et al., *Appellants*, v. THE CITY OF TOPEKA and
JAMES TORSNEY, *Appellees*.

(262 Pac. 493.)

SYLLABUS BY THE COURT.

NEGLIGENCE—*Attractive Nuisances—Swimming Pool in Public Park*. A swim-
ming pool in a public park of a city, constructed of concrete and equipped
with the usual swimming-pool accessories, is not a nuisance, although attrac-
tive to children.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB,
judge. Opinion filed January 7, 1928. Affirmed.

*Edward Rooney*, of Topeka, for the appellants.

*J. E. Addington* and *Irl H. Byler*, both of Topeka, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for death of a six-
year-old child who was drowned in the swimming pool in Ripley
park, a public park in the city of Topeka. A demurrer was sus-
tained to the petition, and plaintiffs appeal.

The swimming pool was an artificial pool constructed of cement.
It had a sloping bottom which provided varying depths of water,
and was equipped with a diving platform, springboards, a bathhouse,
and other swimming-pool accessories. While attending a Sunday-
school picnic in the park the child went into the pool, got beyond his
depth and was drowned. No life guard was on duty at the time.
Plaintiffs stand on the proposition that the swimming pool with its
equipment and appurtenances was a nuisance attractive to children,
and consequently that the city may not avoid liability by invoking
the doctrine of exercise of governmental power in maintaining the
swimming pool.

The swimming pool was doubtless attractive to children, but it
was not a nuisance, producing public annoyance, inconvenience, dis-
comfort or hurt. It was a feature of the park tending to promote
public health, happiness and welfare. The accident to plaintiffs'
child was a misfortune greatly to be deplored, but it did not change
the essential nature of the place.

In the case of *Peters v. Bowman,* 115 Cal. 345, a city erected an embankment which caused a pond to form on a vacant lot, in which a boy was drowned. It was held the lot owner was not liable for maintaining an attractive nuisance. The facts in the Peters case were essentially similar to the facts in the case of *Tavis v. Kansas City,* 89 Kan. 547, 132 Pac. 185. In the opinion in the Tavis case (p. 553) a quotation was made from the opinion in the Peters case. In the case of *Harper v. City of Topeka,* 92 Kan. 11, 139 Pac. 1018, a boy seven years old broke through the ice on an artificial pond in a public park of the city and was drowned. It was held the city was not liable for maintaining an attractive nuisance. In the opinion, the quotation from the opinion in the Peters case appearing in the opinion in the Tavis case, was reprinted. (p. 14.) Plaintiffs seize upon the two sentences concluding the quotation from the opinion in the Peters case, making a distinction between common dangers existing in the order of nature, and novel dangers specially created by act of an owner, and argue the concrete swimming pool belongs in the latter class, and constituted an attractive nuisance. The sentences referred to do not conclude what the court said in the opinion in the Peters case, and what the court had in mind when speaking of novel dangers specially created is revealed by what follows:

"And such is the rule of the turntable cases, of the lumber-pile cases, and others of a similar character." (*Peters v. Bowman,* 115 Cal. 345, 356.)

A swimming pool forming one of the public attractions in a city park does not belong in the same class with the places regarded as attractive nuisances within the rule of the turntable cases, as that rule is applied by this court. (See *Gorman v. City of Rosedale,* 118 Kan. 20, 234 Pac. 53, and cases cited, pp. 25 and 26.)

The judgment of the district court is affirmed.