No. 34,040

Vida Sroufe, *Appellee*, v. The City of Garden City, *Appellant*.

(84 P. 2d 845)

Opinion filed December 10, 1938.

*H. O. Trinkle* and *Roland H. Tate,* both of Garden City, for the appellant.

*Carl Van Riper,* of Dodge City, and *E. E. Sattgast,* of Garden City, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This was an action for damages for an alleged wrongful death. The trial court overruled a demurrer to the amended petition. Defendant has appealed. The sole question presented is whether the petition states facts sufficient to constitute a cause of action against defendant.

. The pertinent portions of the petition may be summarized as follows: Plaintiff is the mother and sole surviving parent of Robert Sroufe, fourteen years of age, who was drowned in a municipal swimming pool maintained by defendant in its city park. The pool is quite large, was constructed of cement, and is about two feet deep at one end and ten feet deep at the other. It has three drain-pipe outlets, through which the water in the pool is drained from time to time. One of these is at the deep end of the pool and there is one about the middle of each side, where the water is about six feet deep. For some time shortly prior to the day of the casualty, September 2, 1937, defendant had been making repairs on the pool and drain pipes, and in doing so had left the iron grating, or covering, off the end of the drain pipe, twelve inches in diameter, at one side of the pool. The pool was open and used in that unfinished condition.

There was no life guard on duty, although one previously had been kept there. It is alleged that as the water was being drained from the pool through the drain pipe on one side, which had no grating over it, the water created a suction or swift current, with a downward pull as it entered the drain, and children who frequented the pool for swimming had been attracted to it, and frequently, as the water had been drawn from the pool through the drain, had played in the pool in order to experience the pleasure or thrill of the suction or pull of the water; that they had gotten down into the drain, sometimes holding each other's hands to assist in getting out; that the drain and outflowing water constituted an attractive nuisance; that all these facts were known to defendant, its officers and employees, who permitted the children to play there without doing anything to prevent their getting into the drain pipes; that it would have been easy for defendant to have protected the drain by placing over it a grating of iron bars such as had been placed over the other drains or outlets of the pool. On the date of the casualty water was being drained from the pool from the open and unprotected drain, and plaintiff's son, with other boys, was swimming in the pool and playing about the drain pipe and the opening, and plaintiff's son got into the drain pipe and was caught and held there by the force of the outflowing water, or some other cause unknown to plaintiff, and held under the surface of the water until he was drowned.

Appellant contends that in the maintenance of its swimming pool and in respect to the duties of its officers and employees in relation thereto it is exercising its governmental powers and is not liable in damages for casualties such as the one which forms the basis of this action. This position is well taken. (See *Warren v. City of Topeka,* 125 Kan. 524, 265 Pac. 78, and *Perry v. City of Independence,* 146 Kan. 177, 179, 69 P. 2d 706, and cases there cited.)

Appellee recognizes the force of the rule above stated, but seeks to distinguish it and its supporting authorities on the ground of allegations in the petition respecting an attractive nuisance. It is conceded in the brief that the maintenance and operation of a municipal swimming pool is a governmental function; "that such a swimming pool *with the usual swimming pool accessories,* is not in itself an attractive nuisance, although it is attractive to children, and sometimes they are drowned in it; and that the city is not liable for any neglect or even wrongdoing of its officers in the discharge of their duties in connection with such governmental function."

But it is contended an attractive nuisance may be maintained by the city independent of its governmental functions, or in connection with or incidental to its governmental functions, citing *Harper v. City of Topeka*, 92 Kan. 11, 14 and 15, 139 Pac. 1018. Without analyzing this contention carefully, we are convinced the doctrine of attractive nuisance is not helpful to plaintiff in this action. (See *Gorman v. City of Rosedale*, 118 Kan. 20, 234 Pac. 53; *Bruce v. Kansas City*, 128 Kan. 13, 276 Pac. 284.) More than that, an analysis of the amended petition seems to force the conclusion that plaintiff's real complaint is the negligence of officers and employees of the city in not placing a grating over the end of the drain pipe, in permitting the pool to be used in that condition, and in not having a guard on duty. Under the authorities above cited the city is not liable in damages for such negligence.

It necessarily follows that the judgment of the court below should be reversed, with directions to sustain the demurrer to the amended petition. It is so ordered.