**Kiamichie CHURCH and Janella Church, Appellants,**

v.

**Windrop INGERSOLL and Frances W. Ingersoll, Appellees (two cases).**

Nos. 5298, 5299.

United States Court of Appeals Tenth Circuit.

May 22, 1956.

Robert A. Neeb, Jr., Beverly Hills, Cal., and Floyd L. Rheam, Tulsa, Okl. (Jerry Giesler, Beverly Hills, Cal., and Valjean Biddison, Tulsa, Okl., were with them on the brief), for appellants.

Bryan W. Tabor, Tulsa, Okl. (Truman B. Rucker, Tulsa, Okl., and Ralph Brainard, Claremore, Okl., were with him on the brief), for appellees.

Before MURRAH and PICKETT, Circuit Judges, and HILL, District Judge.

MURRAH, Circuit Judge.

The sole question on this appeal is whether one Walter Kimberlern was acting in the scope of his employment as an agent of the appellees when he was involved in an automobile accident, resulting in injuries to the appellants.

The question is presented under undisputed facts to the effect that Kimberlern was employed by appellees as a ranch hand on an hourly basis. He lived about ten miles from the appellees' ranch and did not enter upon his duties until he reached the ranch. Appellees did not undertake to provide transportation to

and from Kimberlern's home, and exercised no control whatsoever over his coming or going. He traveled in his own pickup truck at his expense. Kimberlern did not ordinarily work on Sundays, but on Saturday prior to the accident, agreed to return to the ranch on the next day in order to complete the movement of cattle from one location on the ranch to another. Accordingly, on the following Sunday morning he drove his truck to one of the appellees' ranches. After parking his truck, he took the employer's truck, went to another ranch, completed the task of moving the cattle before noonday. He returned to the first ranch, left his employer's truck, and while driving his own truck home became involved in the accident for which the appellants seek to hold the appellees liable.

The parties commendably submitted to the trial court the issue of agency under Rule 42(b), Fed.Rules Civ.Proc. 28 U.S.C.A., pursuant to which the trial court found that Kimberlern was not at the time of the accident acting within the scope of his employment as an employee of appellees, and the complaints were therefore dismissed.

On appeal, the appellants concede the so-called "coming and going" rule to the effect that an employee is not within the scope of his employment while going to or returning from his regular place of work, unless it is shown that the coming and going is in some way connected with the actual performance of an act within the scope of his employment. And see Thurston Chemical Co. v. Casteel, Okl., 285 P.2d 403; Voehl v. Indemnity Ins. Co. of America, 288 U.S. 162, 53 S.Ct. 380, 77 L.Ed. 676; Wilson & Co., Inc., v. Shaw, 157 Okl. 34, 10 P.2d 448; Annotation 140 A.L.R. 1150, § IV. The appellants rely, however, upon the so-called "special errand" or "special mission" exception to the coming and going rule, usually recognized and applied in workmen's compensation cases, to the effect that if a personal injury is sustained by an employee while coming or going in pursuance of a "special errand" assigned him by his employer outside the employee's regular working hours, such injury is deemed to arise out of and in the course of the "special errand" employment, hence compensable. See cases collected 5 Blashfield Cyclopedia of Automobile Law and Practice, Perm. Ed. § 3041, p. 387.

The exception has been applied in a variety of cases, all of which ultimately rest upon the underlying precept that acts done by a servant while about his master's business are in the scope of his employment with all consequent jural relations. The exception was recognized and applied in R. J. Allison, Inc. v. Boling, 192 Okl. 213, 134 P.2d 980, where the injury occurred outside the regular working hours and while the employee was on a trip to perform a special task at the request of the employer. And see Thurston Chemical Co. v. Casteel, supra. It was applied to a coming and going deemed an "extraordinary event" in Los Angeles Jewish Com. Council v. Industrial Acc. Comm., 94 Cal.App.2d 65, 200 P.2d 991. And, it was also applied to an employee whose trip to the office was interrupted by a mission of his own, but who had returned to his course of duty before the accident. Dauphine v. Industrial Accident Comm., 57 Cal.App.2d 949, 135 P.2d 644. And see State Compensation Ins. Fund v. Industrial Accident Comm., 89 Cal.App. 197, 264 P. 514.

The exception was rejected in a suit for damages where the ranch hand was to report at the home ranch before entering upon his duties, but went to another ranch of the employer instead, and was involved in an accident before reaching the home ranch. The court said that the trip to the other ranch was not on the business of his employer, nor pursuant to an instruction given by him; that the employee "was in fact merely going to work and was not acting within the scope of his employment, which employment did not begin until he reported for work at the home ranch." People v. Russell, 59 Cal.App.2d 660, 139 P.2d 661.

We need not indulge in any nice distinction between the term "arising out of and in the course of employment",

which is liberally construed to afford coverage under workmen's compensation acts for personal injuries to employees, and the term "scope of employment", which measures a master's vicarious liability for the acts of his servants under the common law doctrine of respondeat superior. But see Conversions & Surveys, Inc. v. Roach, 5 Cir., 204 F.2d 499; Frankle v. Twedt, 234 Minn. 42, 47 N. W.2d 482; Hardware Mutual Casualty Co. v. Standard Coffee Co., Inc., La.App., 2 So.2d 89. For, accepting the full sweep of the "special errand" exception as applied in workmen's compensation cases, we think the trial court was eminently correct in its refusal to apply the exception to the facts in this case. In our case the employee merely returned to his employer's ranch on Sunday to complete a regular task he had not finished on Saturday. The only resemblance to a special mission or errand was the fact that our employee did not ordinarily work on Sunday. We do not believe this fact, standing alone, is sufficient to bring the case within the exception.

The judgment is affirmed.