**Elsie I. FOWLER, Appellant,**

v.

**CITY OF WINFIELD, KANSAS,**
**Appellee.**

**No. 6369.**

United States Court of Appeals
Tenth Circuit.

Nov. 23, 1960.

George Forbes, Eureka, Kan. (Robert B. Morton and Phillip Mellor, Wichita, Kan., on the brief), for appellant.

Walter A. Steele, of White & Steele, Denver, Colo. (Lawrence Christenson, Winfield, Kan., on the brief), for appellee.

Before MURRAH, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

The plaintiff, a 19 year old married woman, was injured while riding a rotating swing in a municipal park in Winfield, Kansas. From the pleadings, depositions and record of pre-trial proceedings, the trial court concluded that there was no genuine issue of fact on the question of whether the swing was in such a dangerous condition as to constitute a nuisance for which the city would be liable for injuries, and sustained the city's motion for summary judgment.

Municipal corporations in Kansas are not liable for negligent acts of their officers or employees while in the discharge of governmental functions of the city. E. g., Wendler v. City of Great Bend, 181 Kan. 753, 316 P.2d 265; Rose v. Board of Education, 184 Kan. 486, 337 P.2d 652. It is admitted that the park in which the swing was maintained was a public park to be used by anyone, regardless of residence, and that it was created and maintained by the City of Winfield as a governmental function.[1] The parties are in agreement that when the city's conduct results in the creation or maintenance of a nuisance, there is an exception to the above rule, and the city is liable for injuries resulting therefrom. Lehmkuhl v. City of Junction City, 179 Kan. 389, 295 P.2d 621, 56 A.L.R.2d 1409; Steifer v. City of Kansas City, 175 Kan. 794, 267 P.2d 474; Jeakins v. City of El Dorado, 143 Kan. 206, 53 P.2d 798. The plaintiff contends that her claim is predicated upon the nuisance doctrine, and that the existence of the nuisance is a question of fact which should have been submitted to the jury.

Rule 56(c), Federal Rules of Civil Procedure, 28 U.S.C.A., authorizes the entry of summary judgment when the "pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2]

In substance, the complaint alleged that the rotating swing upon which the plaintiff was injured was assembled and maintained by the city in such a manner that it became and remained inherently dangerous to anyone using it; that the defective assembly was not known or apparent to a user and constituted a nuisance which was knowingly maintained by the city; that while the plaintiff was riding on the swing, because of the defective assembly and maintenance, the swing came apart and caused the plaintiff to fall to the ground; and that her injuries resulted from this fall. Attached to the complaint is the claim which the plaintiff made to the defendant city. It describes the swing and the plaintiff's injuries, and states that such injuries were caused by "the negligence of the City of Winfield by and through its employees in creating and maintaining a nuisance by erecting and maintaining the aforesaid swing for use by the general public in such a state of condition and lack of repair that such swing was at said time a dangerous instrumentality."

Answers to the plaintiff's interrogatories disclose that the swing assembly was the same at the time of the injury as when it was originally erected years be-

---

1. In its brief, the appellant "concedes the general doctrine to be that the city enjoys immunity for torts committed in the exercise of its governmental functions and that the creation and maintenance of a public park is, in Kansas, a governmental function."

2. In Lopez v. Denver & R. G. W. R. R. Co., 10 Cir., 277 F.2d 830, 832, we said, " * * * [A] summary judgment is appropriate only when no genuine issue of fact survives the pretrial proceedings."

fore; that no parts were noticeably worn or grooved; and that examination after the accident disclosed that the clamp which held the seat upon which the plaintiff had been riding was broken off. At a pre-trial conference, the plaintiff stated that her theory was that the city created a nuisance, which existed at the time of the injury, by allowing the clamp holding the swing used by the plaintiff to become disengaged while the swing was being used. It was stated that the evidence would show that if the swing had been properly designed and constructed in accordance with the design, and properly maintained, the part holding the seat on which plaintiff was riding, could not have become disengaged, and would not have been disengaged in normal use.[3]

In his deposition, the park superintendent disclosed that the swing in question was one of those which had been used in the park for a number of years. He described the swing as having six seats suspended by chains from the ends of radial arms, and stated that it was rotated manually, by pulling or pushing a handle on the center post, which would cause the seats on the ends of the chains to swing outward. It was his testimony that after the accident, he found that the keeper which held the seat chains was broken. He further testified that inspections were made at regular intervals of two weeks and necessary repairs were accomplished. From this state of the record, the trial court concluded that the city was not maintaining a nuisance, as defined by Kansas law, which would make it liable for injuries.

Relying upon Jeakins v. City of El Dorado, supra; Steifer v. City of Kansas City, supra; and Lehmkuhl v. City of Junction City, supra, the plaintiff contends that there was an issue of fact as to the maintenance of a public nuisance which would create liability on the part of the city. In the Jeakins case, the question was whether the maintenance of a sewer and sewage disposal plant constituted a public nuisance to nearby property owners. In holding that it did, the court said: " * * * [N]uisance means annoyance, and any use of property which endangers life or health, gives offense to the senses, violates the law of decency, or obstructs reasonable or comfortable use of property may be said to be a nuisance." [4] Steifer v. City of Kansas City was the same kind of case growing out of the operation of a dump which was held to be a public nuisance. In Lehmkuhl v. City of Junction City, the city used a large hole filled with water as a dump. Junk and debris deposited in this water-filled hole caused a crusty layer to form over the surface which gave the impression that it was on a solid substructure. Two young boys walked out on the crust, which gave away, and they were drowned. The court held that the maintenance of this dump constituted a public nuisance, and that the city was liable in damages for the deaths of the two small boys who were drowned therein.

No Kansas case is cited, and we have found none, which indicates that the maintenance or the operation of playground equipment in a public park by a city constitutes a nuisance. The Supreme Court of Kansas has, however, refused to impose liability in a number of cases arising out of injuries incurred in swimming pools maintained for the public benefit, some as attractions in public

3. Plaintiff's position seems to be summed up by this statement at the pre-trial conference:
"Mr. Forbes: The plaintiff is maintaining that the swing was under the exclusive dominion and control of the defendant and that by reason of that fact, the fact that the swing was in its condition at the time of the injury was either due to the way in which it was constructed or maintained and that the defendant is responsible for that condition.
"The Court: You are not relying on res ipsa theory?
"Mr. Forbes: No, I would say that we are not, in view of the fact that the swing actually was a nuisance at that time, and we can show the condition in which it was in."

4. 143 Kan. 206, 53 P.2d 798, 800.

parks, by municipal corporations. The court has held such operations to be governmental functions but not nuisances so as to make the city liable for injuries to those using the pools, even though there were allegations of dangerous conditions. In Gilliland v. City of Topeka, 124 Kan. 726, 262 P. 493, the court said:

"The swimming pool was doubtless attractive to children, but it was not a nuisance, producing public annoyance, inconvenience, discomfort, or hurt. It was a feature of the park tending to promote public health, happiness, and welfare. The accident to plaintiffs' child was a misfortune greatly to be deplored, but it did not change the essential nature of the place."

In Warren v. City of Topeka, 125 Kan. 524, 265 P. 78, 57 A.L.R. 555, it was held that a pool which was built with a four-foot dropoff, without suitable warning or danger signal being provided for the protection of swimmers, did not constitute a nuisance. In Sroufe v. Garden City, 148 Kan. 874, 84 P.2d 845, the court ruled that the action of the city in failing to replace a grating over a swimming pool drain did not create a nuisance which would make the city liable for the death of a small boy who was caught in the drain. Although these cases were brought upon the theory of "attractive nuisance" not "public nuisance," the Kansas court relied upon them in reaching the same conclusion in Shoemaker v. City of Parsons, 154 Kan. 387, 118 P.2d 508, in which the victim was a man, 37 years old. The allegations in that case were, in general, that in constructing the pool the city had failed to provide and equip it with sufficient inlets and outlets properly located to prevent a dangerous condition to swimmers which resulted from the currents created when water was being circulated in the swimming pool at a rapid rate. It was asserted that the city maintained a nuisance by operating a public swimming pool which was dangerous and unsafe. The court held, as a matter of law, that the manner in which the pool was constructed did not

constitute a nuisance. We find nothing in the record of this case which distinguishes it from the swimming pool rule of nonliability. It appears to be only an ordinary negligence case.

Affirmed.