286 F.2d 327
 Robert L. McCOLLAR, Administrator of the Estate of Harry E.
McCollar, a/k/a Harry Edward McCollar, Appellant,
v.
William C. EULER and Elco Metal Products Corporation, a
corporation, Appellees.
Jack WALLER, Jr., a minor, by his guardian Robert Lewis
McCollar, Appellant,
v.
William C. EULER and Elco Metal Products Corporation, a
corporation, Appellees.
Nancy Lee WALLER, a minor, by her Guardian Robert Lewis
McCollar, Appellant,
v.
William C. EULER and Elco Metal Products Corporation, a
corporation, Appellees.
Pamela Lou WALLER, a minor, by her guardian, Robert Lewis
McCollar, Appellant,
v.
William C. EULER and Elco Metal Products Corporation, a
corporation, Appellees.
Robert L. McCOLLAR, Administrator of the Estate of Jack
Waller, deceased, Appellant,
v.
William C. EULER and Elco Metal Products Corporation, a
corporation, Appellees.
Robert L. McCOLLAR, Administrator of the Estate of Peggy Lou
Waller, deceased, Appellant,
v.
William C. EULER and Elco Metal Products Corporation, a
corporation, Appellees.
Robert L. McCOLLAR, Administrator of the Estate of Carol Ann
Waller, deceased, Appellant,
v.
William C. EULER and Elco Metal Products Corporation, a
corporation, Appellees.
 Nos. 6427-6433.
 United States Court of Appeals Tenth Circuit.
 Dec. 15, 1960.
 
 John R. Wall, Pueblo, Colo. (Daniel W. Caldwell, Springer, N.M., was with him on brief), for appellants.
 Geroge T. Harris of Modrall, Seymour, Sperling, Roehl & Harris, Albuquerque, N.M. (McKenna & Sommer, Santa Fe, N.M., were with him on brief), for appellee.
 Before MURRAH, Chief Judge, LEWIS, Circuit Judge, and RICE, District judge.
 MURRAH, Chief Judge.
 
 
 1
 These consolidated appeals are from separate summary judgments in diversity suits arising out of an automobile accident in New Mexico. Each of the negligence suits is against the defendant William Euler and his employer, Elco Metal Products Corporation, as appellees. For purposes of these appeals, only one representative complaint is produced for the record. It alleges in substance that the plaintiff-appellants'-decedent was fatally injured when his automobile collided with one negligently operated by defendant Euler; that at the time of the accident, Euler was an employee and part owner of defendant-appellee Elco and acting n the scope of his employment. The critical issue presented was and is whether at the time of the accident, the defendant Euler was on the business of his employer.
 
 
 2
 The trial court's separate summary judgments in favor of defendant Elco, are based upon a finding that no genuine issue of any material fact survived the submitted pleadings, depositions and affidavits; and that the defendant Elco is therefore entitled to a judgment as a matter of law.
 
 
 3
 We know of course that a summary judgment is inappropriate and unauthorized unless it can be fairly and confidently said that no genuine issue of fact survives the pretrial proceedings. See Lopez v. Denver & Rio Grande Western R.R. Co., 10 Cir., 277 F.2d 830; Fowler v. City of Winfield, 10 Cir., 286 F.2d 385. On consideration of the motion for summary judgment, however, the court may pierce the formal pleadings to determine whether the depositions and affidavits, or other relevant documents, submitted as evidence, raise any triable factual issue. Avrick v. Rockmont Envelope Co., 10 Cir.,155 F.2d 568; Schreffler v. Bowles, 10 Cir., 153 F.2d 1.
 
 
 4
 Euler's deposition established the fact that he was an employee and part owner of Elco; that he lived in Santa Fe, New Mexico; that Elco had its offices and principal place of business in Raton, New Mexico; that he frequently drove his personally owned automobile to his work in Raton without reimbursement for his expenses; that on the day of the accident, he, together with some other employees, intended to take a train from Raton to Chicago; that the other employees were going on company business, but he was going for pleaure; that, however, he expected reimbursement for his expenses 'if the company could afford it.'
 
 
 5
 The appellants tendered a counter affidavit by the ambulance driver whotransported the injured parties from the scene of the accident to Springer, New Mexico. The affiant stated that Euler rode with him in the front seat of the ambulance, and while enroute Euler told him that he owned a business in Raton and 'frequently came through Springer on business for the company, and that in fact he was on his way to Raton to meet some people and catch a train to Chicago for the company.'
 
 
 6
 The narrow question is whether this affidavit when considered as competent evidence, is sufficient to raise a factual issue concerning the scope of Euler's employment while enroute from his home in Santa Fe to his business in Raton. On that issue, the nature of his mission in Chicago-- whether business or pleasure-- would seem to be of no factual significance, for if he did not enter upon company business until he arrived in Raton, his plans for the day were immaterial.
 
 
 7
 The deposition evidence brings Euler squarely within the so-called 'coming and going' rule, according to which he cannot be said to be engaged in the scope of his employment until he arrives at the place of his work. Church v. Ingersoll, 10 Cir., 234 F.2d 176, Annotation 52 A.L.R.2d 303. Cf. Oil Daily, Inc. v. Faulkner, 10 Cir., 282 F.2d 14. This rule is therefore conclusively applicable unless the critical words in the affidavit can be said to bring him within the so-called 'special mission' exception, (usually found in workmen's compensation cases) under which an employee may be in the course of his employment while coming and going from his work in pursuance of a special errand or omission assigned to him outside the regular or usual scope of his duties. Church v. Ingersoll, supra. But, there is nothing in the affidavit to indicate, or from which it can be inferred, that on the day of the accident Euler came 'through Springer' on company business. At most, the affidavit conveys the inferable fact that he was on his way to Raton where he would catch a train to Chicago on company business.
 
 
 8
 We agree with the trial court that no triable issue survived the deposition and affidavit and that the case was ripe for summary judgment as to appellee Elco.
 
 
 9
 Judgment is affirmed.