**FIREMAN'S FUND INSURANCE COM-
PANY, Appellant.**

v.

**TOWN OF GRANTS, N. M., Appellee.**

No. 6729.

United States Court of Appeals
Tenth Circuit.

Oct. 19, 1961.

David R. Gallagher, Albuquerque, N.
M., of McAtee, Toulouse, Marchiondo,
Ruud & Gallagher, Albuquerque, N. M.,
for appellant.

Paul A. Phillips, Albuquerque, N. M.,
for appellee.

Before MURRAH, Chief Judge, and
LEWIS and BREITENSTEIN, Circuit
Judges.

MURRAH, Chief Judge.

This is an appeal from a declaratory
judgment involving the interpretation of
the coverage provision of a fire insur-
ance policy.

Plaintiff-appellant issued to the Town
of Grants, New Mexico a blanket fire loss
policy which provided, inter alia, that
the protection afforded therein extended
to "all property of every description
* * * while situate in or on the prem-
ises owned or occupied by the insured, all
while situate: Grants, New Mexico."

An ice plant, owned by the Town of
Grants and located a short distance out-
side the town limits, was destroyed by
fire. Appellant takes the position that
the language, " * * * all while situ-
ate: Grants, New Mexico" limited the
coverage of the policy to property physi-
cally located within the corporate limits
of the town and therefore excluded the
ice plant. The trial court interpreted
the phrase, "Grants, New Mexico" to in-
clude "the near vicinity * * * as well
as the area within the Town Limits.
* * * " and concluded that the insur-
ance coverage extended "to the real prop-
erty called the 'Ice Plant' located in the
near vicinity of the Town Limits of
Grants, New Mexico."

We agree with the trial court's
construction of the insurance contract.
The prime purpose of the contract was
to insure all property of every descrip-
tion owned by the town, while it was
situated on premises owned or occupied
by it. The added words, "while situate:
Grants, New Mexico" were merely de-
scriptive of general locale or vicinity,
and were not intended to artfully limit
the risk to property situated within the
corporate limits of the town.

In any event, the critical lan-
guage is readily susceptible to the inter-
pretation given it by the trial court and,
though it may also be susceptible of the
more restricted meaning contended for
by Appellant, we must, of course, resolve
any ambiguity, as did the trial court, in
favor of coverage. See: Prickett v.
Hawkeye-Security Insurance Co., 10 Cir.,

282 F.2d 294, 301; Travelers Fire Insurance Co., Hartford, Conn. v. Whaley, 10 Cir., 272 F.2d 288, 290; Couch, Cyclopedia of Insurance Law, Vol. I, p. 392, Sec. 188, and cases cited therein.

Affirmed.