Edith Boyce RIGSBY, Appellant,

v.

**MUTUAL OF NEW YORK (The Mutual Life Insurance Company of New York), Appellee.**

No. 7456.

United States Court of Appeals
Tenth Circuit.

May 4, 1964.

James T. Martin, Jr., and R. C. Garland, Las Cruces, N. M. (Garland & Martin, Las Cruces, N. M., and George E. Fettinger, Alamogordo, N. M., with them on the brief), for appellant.

George T. Harris, Jr., Albuquerque, N. M. (Modrall, Seymour, Sperling, Roehl & Harris, Albuquerque, N. M., and Richard I. Fricke, New York City, with him on the brief), for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

SETH, Circuit Judge.

Appellant brought suit on a group insurance policy for the death of a policyholder resulting from an airplane accident. The case was filed in a New Mexico state court and was removed to the United States District Court for the District of New Mexico. The appellee insurance company denied coverage, and after discovery it filed a motion for summary judgment. The trial court granted the motion, and the plaintiff-appellant has taken this appeal.

The group policy was one made available to members of the New Mexico State Bar Association. It provides under "exclusions and limitations" that no benefit shall be payable for any loss resulting from: "(d) operating, riding in, or descending from any kind of aircraft, except riding solely as a passenger in an aircraft then being operated (i) commercially to transport passengers for hire, and (ii) by a private business organization to transport its personnel or guests." The question before us is whether the trial court was correct in granting summary judgment based on its holding that the airplane at the time of the accident was not being operated in such a manner as to bring it within phrase (ii) quoted above.

The decedent was the attorney for a trust which owned improved and unimproved real estate. The trustees rented the property, had it maintained and insured, and had income tax returns prepared for the trust. The trust had no regular employees. The trustees were three businessmen in the community, and they found it necessary to spend only a very small portion of their time on the business of the trust. The decedent was killed while on an airplane trip made solely for trust business. The airplane used was owned individually by, and registered in the name of one of the trustees, and he was piloting it at the time of the accident. It was expected that the trust, had this trip been completed, would have reimbursed the owner-pilot-trustee for the expenses of operating the plane, but there was no express agreement to do so. The record does not show that the trustee had ever before made such use of his plane for trust business. The trustee was reimbursed when he made use of his plane for business of a bank of which he was chairman of the board.

■ The appellant urges that the wording of the insurance contract relative to coverage while riding in an airplane is ambiguous, and thus it should be construed in the light most favorable to the insured. Feeney and Meyers v. Empire State Ins. Co., 228 F.2d 770 (10th

Cir.); B. & H. Passmore Metal & Roofing Co. v. New Amsterdam Cas. Co., 147 F.2d 536 (10th Cir.); Fireman's Fund Ins. Co. v. Town of Grants, 295 F.2d 760 (10th Cir.). The New Mexico authorities are also well described by appellant in her brief and support her contention that such rule of construction is to be followed if there is an ambiguity. However, the trial court made no finding that there was such an ambiguity, and further its disposition of the case shows that it held to the contrary. Whether or not an ambiguity exists is a question of law. Jones v. Int'l Union of Operating Engineers, 72 N.M. 322, 383 P.2d 571; Jernigan v. New Amsterdam Cas. Co., 69 N.M. 336, 367 P.2d 519. The contract must be examined by using the usual and ordinary meaning of the words and of the entire agreement. New York Life Ins. Co. v. Atkinson, 241 F.2d 674 (10th Cir.); Reliance Ins. Co. v. Jones, 296 F.2d 71 (10th Cir.). We find nothing in the record to demonstrate that the trial judge was incorrect in finding the paragraph to be unambiguous. This being so, the rule of construction urged by appellant is not applicable. Gray v. International Service Ins. Co., 73 N.M. 158, 386 P.2d 249.

■■ The facts surrounding the trip, the ownership of the plane, the purpose of the trip, and all other material facts are not disputed. The only issue was the application of the provisions of the contract to these facts. Under these circumstances, the trial court properly considered the matter on a motion for summary judgment. Lopez v. Denver & Rio Grande Western R. R. Co., 277 F.2d 830 (10th Cir.); Fowler v. City of Winfield, 286 F.2d 385 (10th Cir.); Wirtz v. Young Electric Sign Co., 315 F.2d 326 (10th Cir.); McCollar v. Euler, 286 F.2d 327 (10th Cir.). The record also supports the conclusion so reached by the trial judge. As mentioned, the airplane was individually owned by the pilot and not by the trust. There is no showing that it was leased by the trust, and the most that can be said was that there was an understanding that the owner would have

been reimbursed for the ill-fated trip. The plane on this trip was piloted by its owner and there is nothing to show that it was so operated in any other manner than as his personal plane. The trip was solely for trust business and the pilot-owner was also a trustee of the trust, but this is not sufficient to show the airplane was being operated by the trust. Thus the policy did not afford coverage when the decedent met his death.

Affirmed.