John O. MOZIER, Jr. and Nancy G. Mozier, Plaintiffs,

v.

Charles PARSONS and Brenda Parsons, Defendants.

John O. MOZIER, Sr., as Special Administrator of the estate of Emily Elise Mozier, deceased, Plaintiff,

v.

Charles PARSONS and Brenda Parsons, Defendants.

Civ. A. Nos. 93–2158–GTV, 93–2159–GTV.

United States District Court,
D. Kansas.

Jan. 18, 1995.

Mark C. Owens, Bennett, Lytle, Wetzler, Martin & Pishny, L.C., Prairie Village, KS, Peter A. Martin, Redstone, CO, for John O. Mozier, Jr., Nancy G. Mozier.

Zackery E. Reynolds, Fort Scott, KS, for Charles Parsons, Brenda Parsons.

John H. Mitchelson, Wheeler & Mitchelson, Chtd., Pittsburg, KS, for Bauman Pool and Spa Inc.

James L. Sanders, Wallace, Saunders, Austin, Brown & Enochs, Chartered, Overland Park, KS, for Stephen Howell, State Farm Fire & Cas. Co.

### *MEMORANDUM AND ORDER*

VAN BEBBER, District Judge.

These are consolidated wrongful death and survival actions in which plaintiffs seek recovery for the injury and death of three-and-one-half-year old Emily Mozier who drowned in defendants' swimming pool. These cases are before the court on defendants' motion for reconsideration (Doc. 71) of the court's Memorandum and Order entered on April 7, 1994, which denied defendants' motion for summary judgment. For the reasons explained below, the motion for reconsideration is granted and the court's April 7, 1994, order is amended to grant summary judgment in favor of defendants.

## I. Background [1]

Emily Mozier was a social guest of defendants at the time of the accident. As a result, the defendants owed her only the duty to refrain from willfully, wantonly, or recklessly injuring her, unless a recognized exception applies to reduce the standard of care to that of ordinary negligence.[2] In opposing defendants' summary judgment motion, plaintiffs argued that two exceptions apply. The court rejected plaintiffs' first argument based on the active negligence exception. The court ruled, however, that the evidence in the case was sufficient to require that the question of attractive nuisance be submitted to the jury. *See Mozier v. Parsons,* 852 F.Supp. 925 (D.Kan.1994). Under this theory, defendants could be liable for damages upon a showing of ordinary negligence. If the attractive nuisance doctrine cannot be asserted as a matter of law, defendants could be liable for damages only upon a showing that they willfully, wantonly, or recklessly caused Emily's injuries and death.

After the court's order was entered, defendants filed their motion for reconsideration of the order and a motion to certify a question of law to the Kansas Supreme Court. The court granted the motion for a certified question and deferred ruling on the motion for reconsideration. *See Mozier,* 852 F.Supp. at 932–33. The question certified was as follows: "In a negligence action involving injury to a child, can the attractive nuisance doctrine be used to establish liability when the injury occurred in a residential swimming pool?"

On January 4, 1995, the Kansas Supreme Court entered an answer to the certified question. *See Mozier v. Parsons,* 256 Kan. 769, 887 P.2d 692 (Kan.1995). After reviewing its prior holdings related to the attractive nuisance doctrine, the court concluded as follows:

All of our cases to date, beginning with *Gilliland v. City of Topeka* [124 Kan. 726, 262 P. 493 (1928) ] in 1928, have consistently held that a swimming pool does not constitute an attractive nuisance and that the doctrine does not apply. We adhere to our prior cases. A swimming pool, public or private, does not belong in the same class with instrumentalities and places regarded as attractive nuisances.

While we do not rule out the remote possibility that there could be a highly unusual and aggravated factual situation that might support consideration of the attractive nuisance doctrine, we hold that, generally, swimming pools, whether public or private, do not constitute an attractive nuisance and are not subject to the attractive nuisance doctrine.

On the facts submitted to us in this case, the answer to the certified question is clearly "no."

*Id.* at 778, 887 P.2d 692.

## II. Analysis

Whether to grant or deny a motion for reconsideration is committed to the court's discretion. *Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir.1988). In exercising that discretion, courts in general have recognized three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Estate of Pidcock v. Sunnyland America, Inc.,* 726 F.Supp. 1322, 1333 (S.D.Ga.1989); *see Major v. Benton,* 647 F.2d 110, 112 (10th Cir.1981). This is clearly an appropriate case for reconsideration based on the answer by the Kansas Supreme Court to the certified question.

In light of the answer to the certified question, the court concludes that the attractive nuisance doctrine is not available under the facts of this case to reduce the standard of care owed by defendants to that of ordinary negligence. As a result, in order to survive summary judgment, the plaintiffs

---

1. The relevant facts will not be repeated here. Interested readers can find them summarized in the court's April 7, 1994, order published at 852 F.Supp. 925.

2. The facts in this case occurred prior to publication of *Jones v. Hansen,* 254 Kan. 499, 867 P.2d 303 (1994) in which the Kansas Supreme Court eliminated, on a prospective basis only, the traditional distinction in premises liability law between trespassers, invitees, and licensees.

must bring forward some evidence by which a reasonable jury could find that defendants willfully, wantonly, or recklessly injured the decedent.

Implicit in the court's April 7, 1994, order was the finding that the evidence advanced by plaintiffs to show that defendants conduct was willful or wanton was insufficient to survive summary judgment. This order will more fully explain that finding.

■ The Kansas Supreme Court has defined the duty owed to a social guest as "the duty to refrain from willfully, intentionally, or recklessly injuring him," *Duckers .v. Lynch,* 204 Kan. 649, 651, 465 P.2d 945 (1970), or alternatively, "to refrain from willfully or wantonly injuring him." *Graham v. Loper Electric Co.,* 192 Kan. 558, 561, 389 P.2d 750 (1964). "The general rule of negligence has no application to willful or wanton wrongs. A willful wrong involves an intentional act and intentional injury. A wanton wrong involves an intentional act but not an intentional injury; the act is intentional and purposeful, but the consequences of the act are not." *Bowman v. Doherty,* 235 Kan. 870, 876, 686 P.2d 112 (1984).

In this case there is no allegation that defendants intentionally or willfully caused the injuries suffered by decedent. The only issue is whether defendants' conduct was "wanton" or "reckless," terms which are synonymous. *See Duckers,* 204 Kan. at 652, 465 P.2d 945 (noting similarity in definitions of the two terms). "[A] wanton act is something more than ordinary negligence but it is something less than willful injury. To constitute wantonness the act must indicate a realization of the imminence of danger and a reckless disregard or a complete indifference or an unconcern for the probable consequences of the wrongful act. It is sufficient if it indicates a reckless disregard for the rights of others with a total indifference to the natural consequences of the actions of the negligent party." *Britt v. Allen County Community Jr. College,* 230 Kan. 502, 509, 638 P.2d 914 (1982); *see also* PIK 2d 3.02.

The evidence viewed in the light most favorable to plaintiffs is insufficient to permit a reasonable jury to find that defendants' conduct was wanton. The following evidence was offered by plaintiffs to establish defendants' wanton conduct. Defendant Charles Parsons testified that he and his wife had considered building a fence around the pool, in part as a safety measure, at the time it was installed and had discussed this with the pool installer. He further testified that they decided not to build the fence at that time possibly due in part to cost and also due to the fact that it was not required by their insurer. After the accident which gave rise to this litigation the Parsons had a fence installed. The pool installer testified that he had also informed the Parsons of other safety devices, namely door locks and alarms, but the Parsons did not have any of these safety devices installed.

Plaintiffs' entire case rests on the proposition that the pool on defendants' premises constituted a dangerous condition of which defendants were aware and which they should have ameliorated by installing a fence or other safety device. Defendants' failure to do so, according to plaintiffs, constituted wanton and reckless conduct.

The court finds plaintiffs' argument untenable. The facts just summarized cannot serve as the basis for a finding that defendants' conduct was wanton. While the facts show that defendants were aware of the dangers inherent in swimming pools, there is no evidence to show that such dangers were imminent or that a tragic accident was probable or even likely to occur in the absence of additional safety measures. Neither the facts nor the reasonable inferences derived from them show an indifference or reckless disregard for the possible consequences of not installing a fence or other safety devices. Defendants may have exercised poor judgment (at least when viewed in hindsight) and their omissions may even rise to the level of negligence, but plaintiffs have offered no evidence to support a finding of wanton conduct.

### III. Conclusion

The defendants' motion for reconsideration will be granted, and this court's Memorandum and Order entered April 7, 1994, is modified to conform with the holding of the Kansas Supreme Court. Because the attractive nuisance doctrine cannot be asserted

under the facts of this case, plaintiffs could prevail only by establishing that decedent's injuries were caused by defendants' willful, wanton, or reckless actions. Under the facts presented at summary judgment, viewed in the light most favorable to plaintiffs, no reasonable jury could reach such a conclusion. As a result, summary judgment will be entered in favor of defendants, and this case will be dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED that defendants' motion for reconsideration (Doc. 71) is granted.

IT IS FURTHER ORDERED that the court's Memorandum and Order entered on April 7, 1994, (Doc. 67) which denied defendants' motion for summary judgment is amended. Defendants' motion for summary judgment is granted and this case is dismissed.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**